## BUSICK *v.* BUMM.

Where the transcript of a record does not show what disposition was made of a motion filed in the court below, this court will presume that the motion was waived.

Where in action on a promissory note, made by the defendant, payable to the plaintiff, the petition omitted the averment, "which said promissory note has now become the property of your petitioner," but which otherwise followed substantially the form given in the Code, to which an answer was filed, denying the allegations of the petition; and where, on the trial, the defendant

Busick v. Bumm.

objected to the note being read in evidence, which objection was overruled; and where after verdict, the defendant moved to arrest the judgment, for the reason that the petition did not set forth a sufficient cause of action to entitle the plaintiff to offer any evidence under it, which motion was overruled; *Held,* That the evidence was properly admitted, and the motion properly overruled.

The form for petitions given in the Code, need not be followed strictly—a petition equivalent thereto, is sufficient.

### *Appeal from the Polk District Court.*

In this case, the usual notice under the Code was issued, and placed in the hands of the sheriff, to which he made the following return: "Served the within notice on the within named Henry Bumm, by reading it to him personally. D. B. Spaulding, sheriff." The action is brought upon a promissory note made by defendant to plaintiff, and the petition follows almost the form given in the Code, except that it avers the note was made to plaintiff, and omits the words, "which said promissory note has now become the property of your petitioner." A motion was made to quash the notice, and an answer was filed, taking issue upon the allegations contained in the petition. On the trial, the defendant, on the offer of the plaintiff to read the note in evidence, objected, and the objection was overruled, to which defendant excepted. Judgment being rendered for the plaintiff, defendant moved in arrest of judgment, because of the improper admission of said note in evidence, and because the petition did not set forth a sufficient cause of action, to entitle plaintiff to offer any evidence under it. This was overruled, and defendant appeals.

*Brown & Elwood,* for the appellant.

*Jewett & Hull,* for the appellee.

WRIGHT, C. J.—Two errors are assigned:—First, that the court erred in refusing to quash the notice. As to this, it is sufficient to say, that there is nothing to show that said

Busick v. Bumm.

motion was overruled, or that the court did refuse to quash the notice. There is a motion filed, but what action was had on it, is nowhere shown. It will be time enough to decide that question when it has been passed upon by the court below. We can only presume that the motion was waived by defendant. At all events, he can in this case, claim nothing by it, after trial and judgment.

The second error relates to the admission of the note in evidence. And this objection, as we understand it, is based upon the claimed fact, that no issue was made by the pleadings, or if any, an immaterial one ; for that, as there was no averment that the note was the property of the petitioner, therefore the petition was fatally defective—no testimony could be received, and no judgment rendered thereon. This objection has neither substance or technicality to sustain it. In the first place, the form given in the Code need not be followed strictly. A petition equivalent thereto, is sufficient. This form contemplates the bringing of a suit by the assignee or bearer of a note, made payable to another ; and in such case, the use of the words omitted, in this case, become pertinent. But where suit is brought by the original payee, as in this case, it is mere form, at least, to aver that the note has become his property. But, if material, it was more properly the subject of a demurrer, than of objection on the trial. Immaterial errors, variances, or defects, are to be disregarded, and none are to be deemed material, unless the court is satisfied that the objecting party will be prejudiced by disregarding or allowing them to be amended. Code, §§ 1757–8. As we have frequently said heretofore, this court will apply these sections, and all of the equitable provisions of the Code, in the spirit as well as letter, and especially so after issue joined and verdict. We can see no prejudice that could possibly result by disregarding the defect in the petition, if defect it was.

Judgment affirmed.