## SMITH *v.* MONTGOMERY.

The forms furnished by the Code, need not be strictly followed. A petition equivalent to the form given in the Code, is sufficient.

The words, "or if so taken, it was exempt from seizure by such process," in section 1995 of the Code, do not mean that property in the hands of an officer, by virtue of legal process, cannot be replevied, unless it is shown to have been exempted property under section 1898.

If the property of A. is taken upon attachment, or under execution, against the property of B., it is exempt from such seizure, and A. may bring replevin.

Where a petition in replevin, after claiming a certain sum as due the plaintiff, alleged that the plaintiff is entitled to the present posssession, as of his own property, of certain goods and chattels described in the petition, in the possession of the defendant, the value thereof being $559,78; that said articles of personal property are wrongfully detained from his possession by the defendant; that defendant refused to deliver them to plaintiff, though requested so to do; that they were not taken from petitioner by any legal process against his property; and that according to his best knowledge and belief, they were taken and detained by said defendant, as sheriff of Floyd county, by virtue of certain writs of attachment against one S., and prayed that said property may be replevied, and delivered to the plaintiff, and adjudged to belong

to him, and that he may have judgment for the sum claimed, for such wrongful detention; *Held,* That the petition, though informal, was sufficient.

### Appeal from the Floyd District Court.

### TUESDAY, DECEMBER 22.

This is an action of replevin. The petition of plaintiff is substantially as follows: It claims one thousand dollars which is alleged to be due, and for cause thereof states that plaintiff is entitled to the present possession, as of his own property, of the goods and chattels therein set forth, in the possession of said defendant, the value thereof being five hundred and fifty-nine dollars and seventy-eight cents. He also avers, that said articles of personal porperty, are wrongfully detained from his possession, by defendant; that he refuses to deliver them to plaintiff, though requested so to do; that they were not taken from the possession of petitioner by any legal process against his property; and that according to his best knowledge and belief, they were taken and detained by the said defendant, as sheriff of Floyd county, by virtue of certain writs of attachment against one Sydney S. Smith. The petition then prays that said property may be replevied and delivered to plaintiff, and adjudged to belong to him; and that he may have judgment for the sum of one thousand dollars for such wrongful detention.

The defendant moved to quash the writ of replevin, for the following reasons:

*First.* Plaintiff does not show such a state of facts as will authorize the issuing of the writ, for the reason, that the petition does not claim the possession of personal property, but the sum of one thousand dollars.

*Second.* The petition does not state that such goods and chattels were not taken from him by any legal process.

The motion to quash was sustained, and judgment rendered for the defendant, from which the plaintiff appeals.

*Wiltse & Fairfield* and *J. O. Crosby* for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—The motion to quash, seems to have been treated by the court below, in the nature of a demurrer, and as such we shall consider it.

The Code, (section 1995), provides, that the petition in an action of replevin, must state that the property is wrongfully detained by the defendant; that the plaintiff is entitled to the present possession thereof; and that it was not taken from him by any legal process, or if so taken, that it was exempt from seizure by such process. It must also state the alleged cause of detention, according to his best knowledge and belief, and also the value of the property. We think the petition in this case, complies substantially with this provision in the Code. It is true that it is not, in all respects, as artificially drawn as it might have been, nor does it follow, in all its formal parts, the form given by the Code, section 2518. But this form need not be strictly followed. A petition equivalent thereto, is sufficient. *Busick* v. *Bumm*, 3 Iowa, 63, As we understand this petition, the plaintiff does clearly and distinctly claim the possession of the property therein named, and one thousand dollars for the wrongful detention thereof. Taking the first part of the petition, disconnected from what follows, and it might be treated as a claim for the one thousand dollars, as and for a debt or sum of money due the plaintiff. But when taken in connection with the concluding part of the petition, the meaning is obvious, and the only fair construction to be given to the whole language, is the one above indicated.

The second ground of demurrer, it is presumed, is laid upon the idea that if the property is in the hands of an officer, by virtue of a legal process, the plaintiff cannot replevy the same, unless it is shown to have been exempted property, under sections 1898–9 of the Code. But this is not the meaning of the words, "or if so taken, it was exempt from seizure by such process," as used in section 1995. If the property of A. is taken upon attachment, or under execution, against the property of B., it is

exempt from such seizure, and A. may bring replevin. *Miller* v. *Bryan*, 3 Iowa, 58.

Judgment reversed.