## COOLEY v. DAVIS.

1. **Replevin: FROM LEGAL CUSTODY.** The common-law rule that a person cannot maintain replevin for the possession of goods taken from him by virtue of legal process, has been modified by our statute so far as respects property which is exempt from seizure.

2. —— **INTOXICATING LIQUORS.** Intoxicating liquors, not being included in the classes of property exempt, are governed by the common-law rule, and cannot be replevined from the custody of an officer holding them under legal process.

3. —— **UNCONSTITUTIONAL LAW.** But they may be replevined when held under process, based upon an unconstitutional law. So held in respect to chapter 82, Laws of 1870, heretofore declared unconstitutional. *State* v. *Weir*, 33 Iowa, 134.

*Appeal from Cerro Gordo Circuit Court.*

FRIDAY, MARCH 29.

ACTION of replevin for a quantity of beer. Petition alleges that plaintiff " owned and kept the same with lawful intent, and not for the purpose of sale in violation of

law. That the alleged cause of detention, according to plaintiff's best belief, is that said half and quarter barrels and the beer contained therein were seized by virtue of a search-warrant issued by one W. W. Knapp, a justice of the peace of Cerro Gordo county, Iowa, under a pretended law of said county, prohibiting the sale of wine and beer therein. But plaintiff alleges that no'such law was adopted in said county, and that such a law is unconstitutional and void." To this petition the defendant demurred upon the ground that the petition states that the articles therein mentioned were in the custody of the law and possession of the officer, and that said articles were seized and holden as intoxicating liquors kept in violation of law. This demurrer was sustained, and judgment rendered in favor of defendant for the return of the property, or for the value of the same assessed at sixty dollars.

Plaintiff appeals, and assigns as error : 1st. The sustaining of the demurrer ; 2d. The rendering of judgment in favor of defendant for the value of the property.

*Hartshorn & Flint* and *Charles Mackenzie* for the appellant.

No appearance for the appellee.

DAY, J. — At common law, the owner of a chattel could not maintain an action of replevin, for the possession of

1. REPLEVIN: from legal custody. goods taken from him by virtue of legal process. Any attempt so to regain its possession was deemed a contempt of the court issuing the process. See *Funk & Hardman* v. *Israel*, 5 Iowa, 450.

Section 1995 of the Code of 1851 modified this rule of the common law, and authorized the maintenance of the action of replevin for personal property seized by legal process, when the petition states under oath that it was exempt from seizure by such process. The same provision

is contained in the Revision, section 3553, substituting "execution or attachment" for the term "legal process."

In *Funk & Hardman* v. *Israel, supra,* it was held (WRIGHT, C. J., dissenting) that this provision of the Code had reference to sections 1898 and 1899, declaring the exemptions from executions, and that intoxicating liquors, not being included in these exemptions, did not come under the modification of section 1995.

*2.——intoxicating liquors.*

Under this decision intoxicating liquors would be governed by the principles of the common law, and when seized by virtue of legal process, could not be replevied.

But the term "legal process" contemplates a process issued in virtue of and pursuant to law. If a warrant for the seizure of liquors should be issued by a magistrate of his own volition, not by authority of any law, it could not be contended that a seizure made in pursuance thereof would be lawful, or that the possession thus acquired would be by virtue of legal process.

*3.——unconstitutional law.*

Nor can property seized under an unconstitutional law any more be said to be seized under legal process, than if the process issued without law. A law which infringes the provisions of the constitution is void. 1 Kent (8th ed.) * 449.

The petition alleges that the wine and beer in question were seized by virtue of a search-warrant, issued by a justice of the peace, under a pretended law of the said county prohibiting the sale of wine and beer therein. The law referred to, chapter 82, acts of the thirteenth general assembly, has, by this court, been held unconstitutional. See *State* v. *Weir*, 33 Iowa, 134, and *State* v. *Metcalf*, id. 610.

The search-warrant, therefore, furnished no authority for the retention of the property, and the demurrer should have been overruled.

                                        Reversed.