ARMEL v. LENDRUM ET AL.

47 535
98 605
47 535
118 147

1. **Execution:** REPLEVIN FOR PROPERTY SEIZED. Where personal property has been seized by virtue of an execution duly issued, replevin will not lie to take the property from the possession of the officer upon the mere allegation that the judgment has been satisfied.

2. **Practice:** REPLEVIN. A demurrer having been sustained to a petition in replevin, the defendant was entitled at his election to take a money judgment for the value of the property.

*Appeal from Polk District Court.*

SATURDAY, DECEMBER 15.

THIS is an action for the recovery of certain personal property. It is averred in the petition that plaintiff is the absolute owner of the property, and entitled to the immediate possession thereof, and that its value is $425; that the defendant, Lendrum, is Sheriff of Polk county, and unlawfully detains and holds said property; that said defendant claims to hold the same under an execution in his hands issued from the Dis-

trict Court of Scott county, upon a judgment obtained in said court against the defendants, in an action entitled *William Dunton v. Thomas Armel* and *Bradon Armel.*

That said property is not liable to said execution because said judgment has long since been satisfied and paid off. That whether said judgment has ever been satisfied and canceled of record plaintiff does not know.

. A writ of replevin was issued and the property was taken and delivered to plaintiff.

The defendants demurred to the petition upon the following grounds:

1. It is not averred in the petition that plaintiff notified defendant, said sheriff, in writing, of his (plaintiff's) claim of ownership, or right to the possession of the property before bringing the action.

2. The petition does not aver that said property is exempt from execution.

The demurrer was overruled as to the first cause thereof, and sustained as to the second cause. Plaintiff excepted and standing upon his petition refused to amend or plead further. The defendants thereupon filed their motion electing to take judgment for the value of the property taken under the writ, which value, as stated in the petition, defendants did not dispute.

The motion was sustained, and judgment was rendered in favor of Lendrum, the sheriff, and against the plaintiff and the sureties in the replevin bond for $425 and costs. Plaintiff excepted to the ruling of the court in sustaining said motion, and rendering said judgment. Plaintiff appeals.

*Maxwell, Lee & Witter*, for appellant.

*Clark & Connor*, for appellee.

ROTHROCK, J.—I. Section 1995 of the Code of 1851, section 3553 of the Revision of 1860, and section 3225 of the Code of

1. EXECUTION: replevin for property seized.

1873, contain substantially the same provision, which is that replevin will lie for personal property taken by legal process, when the petition states under oath that it was exempt from such seizure.

In *Funk & Hardman v. Israel*, 5 Iowa, 439, it was held that the exemption contemplated by section 1995 of the Code of 1851 extended only to the articles enumerated in sections 1898 and 1899 of that Code, and was intended only for the benefit of the particular persons therein mentioned.

In the case of *Cooley v. Davis*, 34 Iowa, 128, which arose under the Revision of 1860, the same rule was recognized. It will be readily understood that these cases are clearly distinguishable from *Smith v. Montgomery*, 5 Iowa, 370. In that case the property was replevied by a third person, and not by the defendant in the attachment proceedings.

Whilst it is true that under the statute replevin will lie only for such property as is exempt from execution or attachment under the exemption laws, yet, if the property be seized and held by an officer without legal process, replevin may be maintained without regard to the character of the property. If the process issue from a court having no jurisdiction of the subject matter, or if an execution issue without a judgment having been rendered, or if the law under which the process is issued be unconstitutional, the process is void, and replevin may be maintained for property seized by the officer. *Cooley v. Davis, supra; Campbell v. Williams*, 39 Iowa, 646.

The general rule is that property seized on a legal writ issued by a court having jurisdiction of the subject matter, under a valid statute, cannot be replevied by the owner. *Thompson v. Button*, 14 John., 84; *Kellogg v. Churchill*, 2 New H., 412; *Freeman v. Howe*, 24 Howard, 450; *Deshler v. Dodge*, 16 Id., 622; *Musgrave v. Hall*, 40 Maine, 498; *Griffith v. Smith*, 22 Wis., 637.

In this case the execution issued from a court of general jurisdiction, and it must be assumed that there was a valid judgment not satisfied of record. The petition does not allege that it was canceled of record and we cannot so hold. The fact that the clerk issued the execution creates a strong presumption that the judgment appeared from the records to be unsatisfied.

. Under these circumstances we are clearly of the opinion that the property in question was properly in the custody of the

law, and could not be replevied. We have been unable to find any case where it has been held that replevin will lie upon the alleged ground that the judgment upon which the execution issued had been paid. On the contrary in *McGuinty v. Herrick*, 5 Wendell, 240; *Lewis v. Palmer*, 6 Id., 367, and *Ruckman v. Cowell*, 1 Comstock, 505, it was held, where the objection was that the judgment on which process issued had been satisfied, that the officer executing the writ was protected. It is true that in those cases the actions were not in the form of replevin, but we incline to think the principle is the same, whatever the form of the action may be.

II. It is urged that the court erred in rendering judgment against the plaintiff and sureties for the value of the property. 2. PRACTICE: replevin. The record shows that when the demurrer was sustained plaintiff refused to amend, and defendant elected to take his judgment for the value of the property.

He was entitled to a money judgment against the plaintiff and the sureties in the replevin bond. Code, §§ 3241 and 3242.

AFFIRMED.