Ramsden v. Wilson.

## RAMSDEN v. WILSON.

1. **Replevin: PROPERTY HELD BY OFFICER: JURISDICTION.** The owner of property, having the right to possession thereof, may take it by replevin from an officer, seizing it upon process issued against a third party as his property. The fact that the officer holds it under process issued by the Circuit Court would not deprive the District Court of jurisdiction in the action of replevin.

*Appeal from Tama District Court.*

THURSDAY, OCTOBER 10.

ACTION of replevin. A demurrer to the petition was sustained and judgment rendered thereon. Plaintiff appeals.

*Struble & Goodrich*, for appellant.

*D. D. Applegate*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the absolute owner of the property in question, and that it was not

Ramsden v. Wilson.

taken upon the order or judgment of any court against him. It shows the cause of detention to be the seizure of the property by the sheriff, upon an attachment issued by the Circuit Court of Tama county against one Johnson, at the suit of defendant in this case.

The defendant demurred to the petition on the ground that, as the property was seized upon process issued by the Circuit Court, and does not show that it was exempt from levy, the District Court has no jurisdiction in the case. The demurrer was sustained.

II.   The owner of property, having the right to the possession thereof, may take it by replevin from an officer seizing it upon process issued against a third party as

1. REPLEVIN: property held by officer: jurisdiction.

his property. *Smith v. Montgomery*, 5 Iowa, 370; *Gimble v. Ackley*, 12 Iowa, 27; *Shea v. Watkins*, Id., 605; *Cooley v. Davis*, 34 Iowa, 128.

The demurrer, which assails the petition on the ground that the District Court wanted jurisdiction, because the property was in the custody of the defendant under process issued by the Circuit Court, is not well taken. The writ from the Circuit Court authorized the seizure of no property except that owned by the person against whom it ran. The officer was not protected by the writ in the seizure of plaintiff's property.

III.   The defendant, though making by the demurrer the point above disposed of, does not seem to rely upon it in this court. Here he relies upon the fact that the petition does not show that Johnson did not own the property when it was seized, and that it fails to show the written notice required by Code, § 3055, was served upon the sheriff holding the execution. But these questions are not raised by the demurrer, and were not presented to and passed upon by the court below. Under familiar rules of this court they cannot be first made here.

In our opinion the District Court erred in sustaining the demurrer of defendant to the petition.

REVERSED.