## THE STATE. OF IOWA:

DES.MOINES, JUNE TERM, A. D. 1879.

IN THE THIRTY-THIRD YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎱
" JAMES G. DAY, ⎰ JUDGES.
" JAMES H. ROTHROCK.

---

### SEATON v. HIGGINS.

1. **Jurisdiction:** PARTY: REPLEVIN. A person not a party to an action aided by attachment in the Circuit Court, may maintain replevin for the attached property in the District Court.

*Appeal from Lee District . Court.*

TUESDAY, MARCH 18.

ACTION in replevin. The defendant held the property as sheriff, under a writ of attachment issued by the clerk of the

Circuit Court. The petition so showed. The defendant demurred to the petition on the ground that it showed upon its face that the action is against an officer of another court, which court had jurisdiction in the premises. The court sustained the demurrer, and rendered judgment in favor of the defendant. The plaintiff appeals.

*Sprague & Gibbons* and *Lee R. Seaton*, for appellant.

*Craig & Collier*, for appellee.

ADAMS, J.—It seems to be well settled that a State court cannot interfere with the execution of a process from a

1. JURISDIC-
TION: party:
replevin.

Federal court. *Taylor v. Carryl*, 20 Howard, 583 ; *Freeman v. Howe*, 24 Howard, 457 ; *Buck v. Colbath*, 3 Wallace, 341. The Federal judiciary was established, in part at least, through the supposed necessity of providing for suitors, in a certain class of cases, a tribunal different from the State courts. But if a State court could interfere with the execution of a process from a Federal court, it might render its judgments substantially nugatory.

The District and Circuit Courts of this State derive their powers from the same source, and are instituted for the determination of the same class of cases, neither affording any advantage over the other. It is manifest, therefore, that as between them the same ground of jealousy in regard to interference does not exist as between a Federal and State court. Interference, it is true, as between two co-ordinate courts cannot be allowed to extend to any question drawn directly in issue. That one of two co-ordinate courts which first obtains possession of a controversy must be allowed to dispose of it finally. But in the case at bar the person who is plaintiff was not a party to the action in the Circuit Court, and no question is put in issue which was in issue in that action. We think that the demurrer was improperly sustained.

REVERSED.