SARAH O'CONNOR v. WILLIAM GIDDAY AND CRESZENTIA
KLOSTER.

*Replevin—Possession by defendant—Execution—Lien of officer.*

1. A constable levied an execution on a quantity of household goods in a boarding-house, leaving them in charge of a custodian, and indorsed the levy on his writ. The wife of the judgment debtor, claiming as owner, demanded the goods, and on refusal replevied the same. On the trial the questions of *ownership* and *possession* were litigated, and at its close the court directed a verdict for the defendants for the amount of the execution on the ground that the constable nor judgment creditor had no such *possession* as would make it necessary to bring replevin.

   *Held,* that the question of *possession* should have been left to the jury under a proper charge as to what would be necessary to authorize the issuing of the writ, and constitute an *unlawful* detention of the property.

2. Where, in replevin against an officer for goods seized on execution, no such possession is shown by the defendant as is necessary to sustain the writ, the officer can claim no *lien* by virtue of his levy.

3. It is not always necessary that goods levied upon should be *removed* in order to constitute such possession as will be deemed a sufficient conversion to sustain replevin. *Hatch v. Fowler,* 28 Mich. 205; *Quackenbush v. Henry,* 42 Id. 75.

4. In replevin from an officer who has seized the property under an execution, the *extent* and *validity* of his lien, as also the *amount* of his *damages,* are matters for the jury, and the court cannot direct a verdict for a sum certain.

Error to Wayne. (Jennison, J.) Argued October 7, 1886. Decided November 17, 1886.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Julian G. Dickinson,* for appellant.

*James S. Dewey* and *W. B. Jackson,* for defendants.

SHERWOOD, J. This is an action of replevin to recover possession of a quantity of household goods claimed by the plaintiff.

The goods were those in use by the plaintiff in her boarding house, where she lived, in the city of Detroit.

The defendant Kloster obtained a judgment before a justice of the peace against the husband of the plaintiff for about the sum of $255, had an execution issued thereon, and the defendant Gidday, who was a constable, by virtue of the execution, and under the direction of Kloster, levied the same upon said household goods, and entered the levy upon the execution as the goods of Mr. O'Connor, and placed an officer in the house to take charge of the goods, but did not remove any of them. He, however, would not allow any of them to be taken from the house by the plaintiff, and avowed his purpose to make sale thereof unless the matter was compromised.

The plaintiff made demand of the officer for the possession of her property, and, on being refused, brought this suit.

On the trial the plaintiff testified that she became the owner and possessed of all the goods in controversy long before the indebtedness was contracted on which Kloster's judgment was founded, and owned and possessed the same when the execution was levied upon them. Her testimony was corroborated by that of her husband and her mother, and by documentary evidence.

The defendants introduced some testimony bearing upon plaintiff's claim of ownership, and the character of the defendants' levy, tending to show that they were not in possession of the goods at the time they were taken on the writ in this case; also put in evidence the claim and judgment thereon upon which the execution issued.

The plaintiff offered in evidence the execution, which contained the following indorsement, viz.:

"By virtue of the within execution I have seized all the

goods and chattels of the said William O'Connor now in building know as 69 Larned street east, in the city of Detroit.

*"Dated, January* 15, A. D. 1886.

" WILLIAM GIDDAY, Constable."

No. 69 was the boarding-house of the plaintiff.

At the close of the testimony, the defendants moved the court to direct the jury to render a verdict for the defendants on the ground that, under the evidence in the case, the defendants were not shown to be in possession of the goods in controversy when the writ of replevin was served; and thereupon the court charged the jury as follows:

" The evidence is, in substance, that a levy was made upon the property, as I understand. I have no doubt at all that there was no such possession as would make it necessary to bring a writ of replevin. I will grant the motion, and charge the jury in favor of the defendants, and direct a verdict in favor of the defendants, because the writ was not necessary."

To this charge the plaintiff excepted.

Defendants' counsel then requested the court to direct a verdict in favor of the defendant Gidday for the amount of his lien, and the court thereupon directed the jury to render a verdict in favor of said defendant for the amount of his lien, $255, and plaintiff excepted.

The jury rendered their verdict in accordance with the direction of the court.

The exceptions are well taken to these charges.

The facts showing what possession the defendant Gidday had of the property, and what control he exercised over the property, at the time the writ of replevin was issued and served, should have been submitted to the jury under the charge from the court as to what would be necessary to authorize the issuing of the writ, and constitute an unlawful detention.

It is not always necessary that goods levied upon should be removed in order to constitute such possession as will be

deemed a conversion sufficient to entitle a party to the writ of replevin. *Hatch v. Fowler,* 28 Mich. 205; *Quackenbush v. Henry,* 42 Id. 75.

The court in the first charge found there was no such possession as would warrant the issuing of the writ of replevin. If such was the fact, then certainly the constable could claim no lien by virtue of his levy under his execution, and, if he had no lien, certainly he had no damages to be assessed. The judgment for damages cannot be sustained.

We may very properly add that if the defendant Gidday had shown a lien under his execution, and himself entitled to damages to the extent it existed, still that extent and the validity of the lien, as well as the amount of damages, were all matters for the jury, and the court could not direct the verdict as was done in this case.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.