GEORGE DAYO v. FRANK PROVINSKI.

*Justices of the peace—Replevin—Jurisdiction.*

It is not a good plea to the jurisdiction of a justice of the peace to issue a writ of replevin that the property is held by the

defendant as an officer, under a writ of attachment issued by another justice of the peace.

Error to Gogebic. (Williams, J.) Submitted on briefs February 5, 1892. Decided February 19, 1892.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*C. F. Button,* for appellant.

*George M. King,* for defendant.

GRANT, J. Replevin. Suit brought before a justice of the peace. Plaintiff filed the usual declaration in replevin. Defendant interposed a plea to the jurisdiction of the court, setting forth that he was a constable, and held the property under a writ of attachment issued by another justice of the peace, in a suit wherein one Cummings was plaintiff and one Schilkie was defendant. To this plea plaintiff demurred. The justice rendered judgment in favor of defendant, quashing the writ of replevin, and ordering a return of the property.

It is urged that the justice's court which issued the writ of attachment obtained jurisdiction of the property, and that, therefore, no other court of concurrent jurisdiction could interfere with it.

We are of the contrary opinion. The owner of personal property, or one entitled to its possession, may bring suit therefor in any court having jurisdiction over the action of replevin and of the parties to the suit. The law does not require him to ascertain, before bringing suit, by what claim one in the wrongful possession of his property claims to hold it, nor, if he does know it, to plant his suit in the same court as that from which an attachment or execution is issued. *Overall v. Pero,* 7 Mich. 314; *Weber v. Henry,* 16 Id. 399.

In *O'Connor v. Gidday*, 63 Mich. 630, a wife brought replevin in one court to recover goods which had been seized by the defendant, an officer, under a writ of execution issued from another court against her husband, claiming that the goods were exempt. Many other similar cases will be found in the reports of this Court.

Judgment reversed, and case remanded for further proceedings.

MORSE, C. J., MCGRATH and LONG, JJ., concurred.