H. A NICHOLS, Appellant, v. THE SHELDON BANK AND
C. A. CHARLES.

**Replevin from Junior Mortgagee:** DEMAND. The holder of the first
mortgage on personal property, who replevins it from a second
mortgagee, or his grantee, without demand, is not entitled to
damages for its wrongful detention, the possession of the
defendant being rightful, so long as the first mortgage was not
foreclosed.

MONEY JUDGMENT. The holder of a first mortgage on personal prop-
erty which has been sold by a second mortgagee, the purchaser
being in possession, cannot, in replevin against the two, refuse to
take the property under his writ, and recover judgment for its
value against the second mortgagee, who has parted with his inter-
est and possession.

*Appeal from Osceola District Court.*— HON. SCOTT M.
LADD, Judge.

WEDNESDAY, MAY 27, 1897.

ACTION of replevin. Trial by jury. Verdict for
the plaintiff. Motion in arrest of judgment sustained
in part, and motion of the plaintiff for judgment for
the value of the property overruled. Plaintiff appeals.
—*Affirmed.*

*E. C. Roach* for appellant.

*Boies & Roth* for appellees.

ROTHROCK, C. J.—The property in controversy con-
sists of printing presses, type and fixtures necessary to
publish a country newspaper. It appears from the
evidence that the defendant, the Sheldon Bank, was
the owner of the property under a foreclosure of a chat-
tel mortgage, and that it leased the same to one Wat-
kins. Afterwards one Stillwell came into possession

of the property, and executed a mortgage thereon to the plaintiff. Afterwards Stillwell executed a mortgage to the Sheldon Bank. The bank sold the property to the defendant Charles, who took possession of it under the sale made by the bank to him. The contest on the trial involved the legality and priority of these two mortgages. The jury found that the mortgage to the plaintiff was prior and superior to that of the defendant bank. That question was settled by the verdict, and is not a matter in controversy on this appeal. The effect of the verdict was that the plaintiff was entitled to a judgment. The defendant, Charles, did not unite with the defendant bank in the defense of the action. He alleged that he bought the printing outfit from the bank for six hundred dollars, and gave a mortgage to the bank to secure the purchase money. He distinctly averred that he was and had been in possession of the property; that the plaintiff had never demanded possession from him,—and by his answer he tendered the possession to the plaintiff. It appears that the trial of the cause proceeded to verdict, the same as though no tender of the property had been made. And the jury found, as against the bank, that the plaintiff was damaged in the sum of sixty-nine dollars, for the unlawful detention of the property. The court sustained a motion in arrest of judgment, so far as the said damages were involved. The sustaining of the motion in arrest, as to this part of the verdict, is one question to be determined by the appeal. The petition was in the usual form in an action of replevin. Under the pleadings and evidence, the plaintiff was not entitled to a judgment for the wrongful detention of the property. As we have said, the case was a contest as to the priority of the mortgages. The jury found, in effect, that the mortgage to the plaintiff was superior to

that of the bank. We think that, by reason of the junior mortgage, and the possession under it, the bank and the defendant, Charles, were rightfully in possession until the plaintiff took measures to foreclose its mortgage. So far as appears from the pleadings and evidence, if the plaintiff had demanded possession from Charles, he would have promptly delivered the property without suit.

II. The defendant, in addition to moving in arrest of judgment, asked that a new trial be granted because the verdict was contrary to law, and not supported by the evidence; and the court refused to award the plaintiff judgment for the possession of the property, or the value thereof, as against the defendant, the Sheldon Bank. The plaintiff amended its petition after verdict, demanding that judgment be rendered against the bank for the value of the property as found by the jury. It is urged in behalf of appellant that he had the lawful right to elect to take a money judgment for the property. It has frequently been held by this court, in actions to recover specific personal property, that the plaintiff, if successful, may elect to take a judgment for the value of his interest in the property, or a judgment for the return of the property; if it was not returned to the plaintiff by service of the writ. *McNorton v. Akers*, 24 Iowa, 369; *Clark v. Warner*, 32 Iowa, 219; *Armel v. Lendrum*, 47 Iowa, 535. And, in an action to recover personal property wrongfully levied upon and sold by a sheriff, the plaintiff may have judgment for the value of the property, provided due notice of plaintiff's ownership was served on the sheriff while the property was in his possession. *Hardy v. Moore*, 62 Iowa, 65 (17 N. W. Rep. 200). But it has not at any time been determined by this court, nor any other tribunal, so far as we are advised, that an action for specific personal property may be brought against a

person in its exclusive possession, and a money judgment recovered for its value against another, having neither the possession nor the right of possession. When the property was tendered in the answer of Charles, this litigation should have ceased at that time, by the plaintiff's accepting the property. If that course had been pursued, the plaintiff and the bank could have proceeded with a trial of their rights to the property, if the bank made claim thereto, and no question as to the right to a judgment for value would have been in the case. The judgment of the district court is AFFIRMED.