No. 22,587.

Tom Brown, *Appellee*, v. C. W. Woolwine, as Sheriff of Ford County, *Appellant*.

No. 22,588.

Ed Brown, *Appellee*, v. C. W. Woolwine, as Sheriff of Ford County, *Appellant*.

SYLLABUS BY THE COURT

1. Attachment—*Writ Levied on Property in Another County—Jurisdiction to Hear Motion to Discharge Attachment*. Where an action is brought in one county and an attachment issues to another county, and the defendant claims that the property taken in the attachment is exempt, the only court that has jurisdiction to determine whether the attachment should be discharged is the court from which the attachment issued.

2. Same—*Replevin of Attached Property—Jurisdiction of Court to Entertain Action*. Where an action is brought in one county and an attachment issues to another county, the district court of the county where the attachment is levied has jurisdiction to entertain an action in replevin against the sheriff by one who is not a party to the main action, and who claims to be the owner of the attached property.

3. Same—*Replevin of Attached Property—Property Purchased in Fraud of Vendor's Creditors*. In a replevin action to recover personal property taken by attachment, the plaintiff claimed to have purchased the property from his brother, who was the defendant in the attachment.

Brown v. Woolwine.

*Held*, upon the agreed statement of facts, that the transaction by
which the plaintiff purchased the property was in fraud of his
brother's creditors, in which the plaintiff with full knowledge par-
ticipated, and therefore the judgment in plaintiff's favor is reversed
and judgment ordered for the defendant.

Appeals from Ford district court; LITTLETON M. DAY,
judge. Opinion filed July 10, 1920. Reversed.

*Richard J. Hopkins*, attorney-general, *George Getty*, of
Syracuse, *G. Porter Craddock*, of Richfield, *Edgar Foster*, of
Garden City, and *Albert Watkins*, of Dodge City, for the ap-
pellant.

*L. A. Madison*, and *Carl Van Riper*, both of Dodge City, for
the appellees.

The opinion of the court was delivered by

PORTER, J.: These cases are an aftermath of the case of
*The State of Kansas v. Don Van Wormer*, who was convicted
in the district court of Hamilton county of murder in the first
degree and appealed from the judgment. One of the signers
on his appeal bond was Tom Brown, who resides in Ford county.
Upon the affirmance of the judgment (*The State v. Van Wor-
mer*, 103 Kan. 309, 173 Pac. 1076, 180 Pac. 450), Van Wormer
disappeared and has ever since been a fugitive from justice.
His appeal bond was declared forfeited, and suit was brought
in the district court of Hamilton county to recover from the
sureties. In that action an order of attachment issued to the
defendant as sheriff of Ford county; he levied the same upon
a quarter section of land and certain personal property in Ford
county, and on October 1, 1918, duly returned the order to the
district court of Hamilton county. On October 23, 1918, Tom
Brown brought this action to enjoin the defendant from pro-
ceeding with the attachment, alleging that the plaintiff is the
head of a family, that the land levied upon constitutes his
homestead and is exempt, and that the personal property
levied upon consists of farming implements used by him in
his farming and is exempt.

A demurrer to the petition on the ground that the district
court of Ford county had no jurisdiction of the subject of

the action was overruled, the court holding that it had juris-
diction on the sole ground that the sheriff had exceeded the
authority given him by the writ in levying the attachment on
exempt property; the court also held that it could not exer-
cise jurisdiction to set aside the attachment on any other
grounds. The case was tried on an agreed statement of facts,
and the court found that all the property attached is exempt,
and for that reason discharged the attachment. The defend-
ant appeals.

The statute forbids the taking by attachment, execution or
other process, of property which is exempt to the head of a fam-
ily,—and the writ of attachment issued by the district court of
Hamilton county in express terms directed the sheriff of Ford
county to levy upon the property of Tom Brown that was not
exempt from execution. But where a defendant in an action
contends that property which the sheriff has levied upon by
attachment is exempt, and a controversy arises over that ques-
tion, it must .be determined by some court. The only court
that had jurisdiction to discharge the attachment in this case
or to entertain a suit or motion by a party to the action at-
tacking the validity of any proceedings under the attachment,
was the district court of Hamilton county, where the action
is pending in which the attachment issued. The code of civil
procedure, section 209, declares that:

"From the time of the issuing of the order of attachment, the court
shall be deemed to have acquired jurisdiction and to have control of all
subsequent proceedings under the attachment." (Gen. Stat. 1915, § 7101.)

Any other rule would manifestly tend to confusion, expense
and uncertainty in the litigation.

It is conceded that the attached property belongs to Tom
Brown. A different rule would obtain if the title to real estate
were involved in the attachment (because the district court of
the county where the land is situated has exclusive jurisdic-
tion to determine questions of title to real property), or in a
case where one not a party to the action in which an attach-
ment issues from one county claims ownership of personal
property attached in another county. But Tom Brown, who
brings this action in Ford county, is the defendant in the
action pending in Hamilton county, and no question of title

arises or can arise. He owns the attached property, but claims that it is exempt, which raises an issue affecting the validity of the attachment proceedings, to be determined as to him by the court from which the attachment issued.

The second case is a replevin action by Ed Brown to recover certain personal property taken by the sheriff under the attachment as the property of Tom Brown. He recovered judgment in the district court of Ford county for the return of the property, and the defendant appeals.

It was shown by the agreed statement of facts upon which the case was tried that Tom Brown and his brother, Ed, had been residents of Ford county for many years and were partners in farming and raising stock. They had accumulated a large amount of real and personal property which they owned and held as partners. A few days after Don Van Wormer became a fugitive from justice the brothers began negotiations for a settlement and division of their partnership property. The settlement was insisted upon by Ed Brown in order that his share of the partnership property might not become involved in the litigation which he anticipated would follow against his brother on Van Wormer's bond. Both brothers knew of the flight of Van Wormer before they began negotiations for the settlement. It was found in the course of the settlement that the partnership was indebted to various persons in the sum of $23,420; the value of all the partnership property was fixed by agreement at $51,977, and the net value at $28,557. It was agreed that Tom should take at a valuation of $6,975 the quarter section of land he now claims as his homestead, and a half interest therein was conveyed to him by a deed executed by Ed Brown, dated July 16 and recorded September 13, 1918, the stated consideration being "one dollar and exchange of property."

Ed Brown assumed the partnership indebtedness and for that reason was given, in the settlement, property valued at $37,968. The net amount which each was to receive after payment of debts was $14,278. Allowing for the real estate and personal property taken by Tom Brown, there was a balance due him from his brother, amounting to $4,934, which his brother paid by a bank check.

The defendant demurred to the petition on the ground that the Ford county district court had no jurisdiction, and that the district court of Hamilton county was the only court that could determine a controversy which affected the attachment proceedings. The demurrer was overruled, and the case proceeded to trial upon an agreed statement of the facts.

The defendant contended that he was entitled to a judgment declaring that the property attached was the property of Tom Brown because the sum of $4,934 was paid by Ed Brown to his brother for property sold in fraud of his brother's creditors, and that the plaintiff knowingly participated in the fraud. The trial court held otherwise, and rendered judgment in favor of Ed Brown for the return of the property.

The trial court was correct in holding it had jurisdiction to try the replevin action for the reason that the plaintiff was not a party to the suit in Hamilton county. It has often been held that replevin need not be brought in the court from which the process issued under which the property was seized. (*Ramsden v. Wilson,* 49 Ia. 211; *Seaton v. Higgins,* 50 Ia. 305; *Dayo v. Provinski,* 90 Mich. 351.) In *Carpenter v. Innes,* 16 Colo. 165, the court said:

"The rule has been established that replevin will lie in any state court of competent jurisdiction in favor of one who is the owner of goods which had been seized by the sheriff, or any other officer, upon a writ against a third person, where the suit in which the writ issued has been brought in any other of the courts of the state." (p. 166.)

It seems that the only exception to the rule is that where the process issues from a federal court an action of replevin cannot be maintained in a state court to recover the property from the hands of a United States marshal. (*Covell v. Heyman,* 111 U. S. 176; Note, 7 A. & E. Ann. Cas. 909.)

There remains the question whether the court erred in rendering judgment in favor of Ed Brown. There is no conflict or dispute over the facts, since they are agreed to. The question is merely one of law. What are the controlling facts? The brothers, with full knowledge of Van Wormer's flight, and of Tom Brown's liability on the appeal bond, anticipating that he would be sued and judgment rendered against him, entered into an arrangement by which all of Tom Brown's interest in the partnership property, which so far as the record discloses was

Brown v. Woolwine.

all the property he possessed, was transferred beyond the reach of his creditors.

Ed Brown had a perfect right to insist upon a dissolution of the partnership and a division of the property in order to avoid anticipated complications affecting his interests as a partner. He had the right to assume the indebtedness of the partnership and to take an additional share of the property in order to compensate him for so doing. When a settlement to that extent was made, the partnership property divided and the debts provided for, his rights were fully protected. But he went much further than merely to protect his own rights. He took a conveyance of all the interest of Tom Brown in the partnership property, which they believed to be subject to the claims of his creditors, and assuming for the moment that when the question is tried in the proper court, the lands claimed by Tom Brown as his homestead and the other personal property will be held exempt, there still remains the property which the plaintiff purchased from his brother and for which he paid the sum of $4,934. This part of the transaction, in our opinion, was in fraud of Tom Brown's creditors with the plaintiff's full knowledge and participation.

In the written opinion by the trial court it was stated that, so far as the agreed statement of facts show, Tom Brown may be the owner of much more property than that involved in this action and which is more than sufficient to pay any judgment which the state may recover. It was said:

"The statement of facts deals simply with the partnership property. There is no statement that this is all the property owned by the debtor. If he owned other property not exempt sufficient to pay his debts, this transfer would not have the effect of hindering, delaying or defrauding his creditors."

When Tom Brown signed the appeal bond he was required by the statute to testify under oath as to his qualifications as a surety; the presumption is that he made a full disclosure. Aside from the fact that the statute authorizes an attachment upon a showing that the defendant is about to remove, or convert, or has assigned or removed or disposed of "his property or a part thereof with the intent to defraud, hinder or delay his creditors" (Gen. Stat. 1915, § 7082), we think the absence of a showing in the statement of facts as to whether Tom Brown

owned other property subject to execution or attachment furnished no substantial basis upon which to rest the judgment. The trial court was not irrevocably bound by the agreed statement; if the matter was believed to be important the court should have inquired and might have compelled the parties to agree upon the fact with reference to that matter. Doubtless an inquiry by the court would have disclosed the fact. We think the only reasonable conclusion from the facts is that the transaction was in fraud of creditors and that the plaintiff, Ed Brown, participated in the fraud.

In the Tom Brown case, the district court had no jurisdiction, and the judgment will be reversed and the cause remanded with directions to dismiss the action.

In the case of Ed Brown the judgment will be reversed and the cause remanded with directions to enter judgment for the defendant.