GIMBLE v. ACKLEY, *et al.*

1. VERDICT AGAINST EVIDENCE. The Supreme Court will interfere with a verdict on the ground that it is against the evidence only in a clear case. In cases of doubt the verdict will be sustained.

2. REPLEVIN: EXECUTION. An action of replevin will lie at the instance of a party whose property has been wrongfully seized by an officer: following *Smith* v. *Montgomery*, 5 Iowa 370; *Wilson* v. *Stripe*, 4 G. Greene 551; *Miller* v. *Bryan*, 3 Iowa 58.

3. EFFECT OF REPLEVIN BOND. When property taken in execution was replevied in an action by the execution defendant and sold to a *bona fide* purchaser, it was held that as to such purchaser the filing of the replevin bond operated to release the property from the lien of the execution.

*Appeal from Scott District Court.*

THURSDAY, JUNE 6.

WHITAKER obtained a judgment in the Scott County Court, against Foster, Frazier and another. An execution issued upon this judgment, which was levied upon a yoke of cattle, as the property of Foster. These cattle were replevied by Frazier, he claiming them as exempt from execution. At the hearing of this case before a justice, it appears that plaintiff asked a continuance, and defendant demanded a new bond. This latter demand was sustained, and plaintiff not complying, it was "thereupon considered that defendant have and receive of the aforesaid plaintiff, the property aforesaid, or the value and costs," &c. An execution was issued on this judgment, and placed in the hands of the present defendant, as constable, who seized the property and returned it to the possession of the sheriff, who held it at the time it was replevied by Frazier. Gimble, the plaintiff, then brought this action of replevin against the constable and sheriff. The property was purchased by plaintiff of Frazier, after the first replevin action was brought. The cause was tried before a jury, which under the instructions of the court, found for plaintiff; from which defendants appeal.

*George M. Van Hosen,* for the appellee. Replevin will lie at the instance of a party whose goods have been wrongfully taken by the sheriff under an execution. Code of 1851, § 1995, *Perkins* v. *Wisner,* 9 Iowa 320; *Smith* v. *Montgomery,* 5 Iowa 370; *Wilson* v. *Stripe,* 4 G. Greene 551. It is well settled, that it may always be shown that a prior adjudication was founded on technical grounds, and not on the merits, and that when this is established there will be no estoppel, except as to the point actually determined; 1 Mason 519; *Greeley* v. *Smith,* 1 Woodb. & Minot R. 181; *Johnson* v. *White,* 13 S. & M. 184; *Agnew* v. *Mc-*

Gimble v. Ackley et al.

*Elroy,* 10 Ib 553; *Delany* v. *Reade,* 4 Iowa 292. The replevin bond would stand in lieu of the property replevied, and the plaintiff in the absence of fraud, may sell and convey a good title, pending the action. *Bradyll* v. *Ball,* 1 Bro. Ch. R. 428 (marg.); *Woglam* v. *Cowperthwaite* 2 Dall. (Penn.) R. 68; *Frey* v. *Luper* 2 Dall. 131; *Acker* v. *White,* 25 Wend. 614; *Berkle* v. *Luce,* 6 Hill 558; *Gorden* v. *Jenney,* 16 Mass, 466.

*James Grant* and *Charles Whitaker,* for the appellant, contended: 1. That at common Law, replevin does not lie for goods taken in execution, at the instance of the execution defendant. Com. Dig. "Replevin;" 14 John. 84; 8 Iredell 387; 2 Greenl. Ev. 560; 15 John. 401; 5 Mass. 280; Strange, 1184; 2. That the statute of this State does not change the common law rule; Code of 1851, § 1994 and 1995; 1 Chit. Pl. 186. 3. That an execution binds chattels, and all persons claiming under the defendant, from the teste—certainly from the seizure, 1 Hay. (N. C.) 396, 2 Ib 57; 2 Hawks 232, 341; 3 Ib. 206; 1 Arch. Cv. Pr. 259; 1 Saund. R. 219; 2 Tidds Pr. 914. 4. The plaintiff is estoppel by the judgment in the first replevin suit; especially as he had notice of the proceedings and rights of the parties. 1 John. Ch. 566; Williams on Per. Prop. 423; 3 Mees. & W. 622. 5. That when no action can be maintained on the replevin bond, the bond itself is not substituted in the place of the goods replevied, 6 Hill, 558.

WRIGHT, J. The question whether the purchase by Gimble from Frazier, was made in good faith, and for a valuable consideration, was submitted as one of fact to the jury, under proper instructions from the court. While the testimony upon this subject does not leave it by any means free from doubt, and while we as jurors might have determined it otherwise, we are far from believing that the verdict was so far against evidence as to justify our interference.

But it is claimed that inasmuch, as Gimble bought from Frazier *pending* the first replevin proceedings, which were determined against Frazier, he bought with notice, and took the property subject to the levy of the execution. The argument is that the execution was a lien upon the property, if not from its *teste*, at least from its levy, and that the seizure of it under the writ of replevin, (in view of the judgment aftewards entered in that action) did not release it from the lien, but that the levy held it as against Frazier, and all persons holding under him by virtue of a purchase subsequent to the levy. To this it is answered: *First,* That there was no such trial and judgment in the action brought by Frazier, as to conclude the question of property or the right to the possession of it as against him, or those holding under him; and, *Second,* If there was such judgment, the giving of the bond in the replevin action, had the effect of releasing the property from the levy, so far as subsequent *bona fide* purchasers are concerned.

That an action of replevin will lie in this state, at the instance of a party whose property has been improperly seized by an officer, is settled by the following cases: *Smith* v. *Montgomery,* 5 Iowa, 370; *Wilson* v. *Stripe,* 4 G. Greene, 551; *Miller* v. *Bryan,* 3 Iowa, 58.

Gimble knew at the time of his purchase, that the property was in controversy; that it had been seized as the property of Foster, and replevied by Frazier. These facts are clearly shown, and indeed are not controverted by his counsel. If then the execution, either from its *teste* or levy, was a lien upon this property, and such lien continued as to third persons, notwithstanding the seizure of the property by the writ of replevin, then such third person (in this case Gimble) would take nothing by his purchase which would avail him in this action, whether the judgment in the replevin action was or was not final, or a judgment upon the merits. If this lien attached and continued, the date of its commencement is not in this case material, for there was a lien

at least from the levy, if not from the date of the writ, and both were before plaintiff's purchase. Then if the lien continued, the order and finding of the justice, whether made upon a hearing. of the merits, or upon motion, disposed of that case and justified the holding by the sheriff. Whether this lien continued, must depend upon the effect of the giving of the replevin bond, and the rights and liabilities thereby created.

· The court below held· that as between the parties to a replevin action, the writ only suspends the lien of the defendant, (if any) in such action, and that if defendant recovers, such lien will revive against the plaintiff. But as to third persons, who are protected by a *bona fide* purchase, the lien of the defendant is gone, and the parties interested must in that event, resort to the bond and that alone. We think this is correct so far as it enunciates a rule applicable to third persons. Whether it is equally so, so far it applies to the parties, we need not now determine. Our view is that if Frazier was the general owner of the property in dispute, he could, after the execution of the bond and return of the property to him, sell it and confer upon a *bona fide* purchaser a good title. If Frazier was not such owner, then he could not confer such title, upon the general principle that the vendor of personal property who has no title, can confer none.

The conditions of the replevin bond are by law, that plaintiff, will appear and prosecute his suit to judgment, and return the property if a return be awarded, and pay all damages and costs adjudged against him. This bond is to be filed, and is for the use of any person injured by the proceedings. (Code, § 1996.) This bond becomes the security of the sheriff or any other person injured by the proceedings, upon which they may proceed, if it is not complied with. If the sheriff takes insufficient security, then he may be liable as in a case of negligence. But the execution and acceptance of the bond, and delivery of the property

under the writ, releases it from the lien of the execution, at least so far that it may be sold *bona fide*, conferring upon the purchaser a good title. If, however, the vendor had no title, then he could confer none, and the purchaser would take nothing by his purchase. The effect of the execution of the bond upon the lien of the levy (or distress) is expressly adjudicated in the cases of *Bradyll* v. *Ball*, 1 Bro. Ch. Cas. 428; *Woglan* v. *Cooper*, 2 Dall. 68. And see *Frey* v. *Luper*, Ib. 131; *Acker* v. *White*, 25 Wend., 614; *Burkle* v. *Luce*, 6 Hill. 558; *Jones* v. *Peasley*, 3 G. Greene, 52. These cases will be found decisive of the question involved.

One remark further may be necessary. If the judgment in the replevin action, after trial upon the merits, had found the general ownership to be in a party claiming adversely to Frazier, we would not be understood as holding that Gimble would have taken anything by his purchase. As we do not understand that it was a trial upon the merits, or if so, that it settled the question of ownership or title, we unite in the opinion that Gimble, being a *bona fide* purchaser, held the property against the levy.

Judgment Affirmed.