## HARROW v. RYAN AND RYAN.

1. Replevin: RIGHT TO RECOVER WHERE POSSESSION IS RESTORED.
When, in an action of replevin, the property replevied is restored
to the possession of the defendant before his rights in respect there-
to are determined, this fact will defeat his claim for the *value* of
the property, whether such restoration be by act of the plaintiff or
by process of law.

2. —— RULE APPLIED. Goods belonging to ₊R. & Co. were taken
under a writ of replevin in an action against R. (one of the firm of
R. & Co.), and the next day R. & Co. instituted a second action of
replevin and acquired, under a writ issued thereunder, possession
of the goods. In a day or two after one H. instituted a third action
of replevin and replevied the goods from R. & Co. R. & Co. be-
came intervenors in the action against R., and claimed judgment
for the value of the goods, which it was found belonged to them.
*Held*, the possession of the goods having been restored to them un-
der the writ issued in the second action of replevin instituted by
them, although they lost it again under the writ issued in the third
action instituted by H., that they were not entitled to recover for
the *value* of the goods as intervenors in the first action against R.

3. —— *Held, also*, that R. was not entitled in the first action against
him to recover for the value of the goods, as, being a partner of the
firm of R. & Co., their possession, acquired under the writ issued
in the action commenced by them, operated in contemplation of law
as his possession.

*Appeal from Lucas District Court.*

SATURDAY, JANUARY 28.

ACTION of replevin. Thomas G. Ryan & Co. became
intervenors, claiming the ownership of the goods replevied.
Plaintiff dismissed the action. Upon application of
defendants it was retained upon the docket for the assess-
ment of damages in their favor, should they show them-
selves entitled thereto. Ira B. Ryan and Thomas G.
Ryan & Co. jointly ask judgment for the value of the
property replevied; the same is asked for by Ira B. Ryan

alone. The court, in determining the questions thus presented, found the following facts:

1. At the time of the commencement of this suit, Thos. G. Ryan & Co. were the owners of the goods in controversy, and had the rightful possession thereof.

2. The firm was composed of Thomas G. Ryan and Ira B. Ryan.

3. The next day after the goods were taken upon the writ issued in this case, Thomas G. Ryan & Co. commenced an action of replevin, and thereby regained possession of the goods.

4. In a day or two after the second replevin, J. D. Harrow instituted a third action of replevin, and obtained possession of the goods upon a writ issued therein.

5. J. D. Harrow sold and disposed of the property replevied in these suits, so that defendant nor the intervenors, Thomas G. Ryan & Co., have not again had possession, nor recovered the value thereof.

6. J. D. Harrow's claim and title to said goods are based upon a purchase from Samuel Harrow, after the first replevin suit and before the third, which was made to prevent Ira B. Ryan or Thomas G. Ryan & Co. from regaining possession of the property.

Upon these facts, the court decided that neither the defendant, Ira B. Ryan, nor the intervenors, Thomas G. Ryan & Co., are entitled to recover damages for the value of the goods.

The defendant and intervenors unite in an appeal to this court.

*Thorp & Sons* and *Stuart Brother* for the appellants.

*Perry & Townsend* for the appellee.

BECK, J. — The intervenors, Thomas G. Ryan & Co., claim, in this action, to recover the value of the property,

because they were the owners and entitled to, and had the possession of, the goods when they were replevied. By their intervention and under their claim, they stand in the position of defendants in the action. After the property was taken from them upon the writ issued in this case they again acquired its possession by a subsequent action. It is the case of defendants in a replevin suit claiming to recover the value of the property replevied when it is established that, after the property was taken from them upon the writ, they recovered its possession by another action. This cannot be allowed. A defendant in an action of replevin recovers the value of the property, after his right to the possession and ownership is established, for the reason that, by the proceeding, he is deprived of his property. The deprivation of his property is the ground upon which he recovers its value. If this deprivation be but temporary, and the property is returned to his possession before his rights thereto are determined in the action, this fact may be shown to defeat his claim for its value. In such a case, while he may be entitled to recover for the detention of the property and damages resulting therefrom, he will not be allowed its value. *De Witt* v. *Morris & Platt*, 13 Wend. 496. The rule is, in all cases, the same, without regarding the means, whether by his own act or the act of plaintiff in the suit, by which the property is restored to his possession. In any case it would be contrary to reason to award the defendant damages to the extent of the value of the goods, when at the time he held them in possession as his own property.

After Thomas G. Ryan & Co. obtained possession of the property it was taken from them upon a writ of replevin, so that, in fact, when the decision in this case was rendered, they did not hold its possession. This fact does not defeat the application of the rule first stated to this case. Notwithstanding any disposition which may have been made of the property by Ryan & Co., or by the law,

if it was not restored to the plaintiff it must be regarded as in their possession and their rights determined accordingly. This indisputably would be the case if they had voluntarily disposed of it, and it must be so regarded if it was taken from them by process of law. Their rights in the replevin action in which the goods were taken from them, which are secured by the bond given therein, must stand in the place of the property. They must look to that action for the restoration of the property or its value. They cannot be heard in this action to say: "It is true that, after the property was taken from us by plaintiff, we acquired from him its possession, but since that time we have lost it by an action of replevin instituted by another party." The subsequent suits, and the relation which the parties bear to each other in this action, do not change the application of the rule. It cannot be said that the last action restored the property to the possession of Samuel Harrow. In that action J. D. Harrow acquired its possession. If he purchased it, without knowledge of Ryan & Co.'s claim, after the replevin from them, upon a *bona fide* sale, he acquired a valid title. *Gimble* v. *Ackley*, 12 Iowa, 27. His rights to the property cannot be determined in this suit for he is not a party herein.

The claim of Ira B. Ryan for judgment for the value of the property is defeated by the fact that the property was not owned by him. It is true that he is a member of the firm that did own it. His rights will be protected in the disposition of the actions whenever the firm is a party. He cannot be permitted to separate himself from the firm in this litigation. Besides this, the possession of Ryan & Co., acquired after the replevin in this case, operates, in contemplation of law, so for as his rights are concerned, as his possession. The effect of this possession upon his claim for the value of the goods is the same as upon their own claim, as above shown.

The multiplicity of suits resorted to by the parties cannot

be justified, but must be condemned in strong terms. Their respective rights could have been all settled in the first suit. But of this Ryan & Co. are in no condition to take advantage. Being the first to commence an unnecessary litigation they are the more culpable of the parties.

The judgment of the district court is.

Affirmed.