MOSES T. WATERHOUSE, Appellee, v. ISAAC BLACK, Sheriff, Appellant.

1. **Replevin**: CHATTEL MORTGAGE: NOTICE: EVIDENCE. Where, in an action for the recovery of mortgaged chattels, against a sheriff who had seized the same under an execution against the mortgagor, the defendant alleged in his answer that he had neither actual nor constructive notice of the mortgage at the time of the levy, to which no reply was filed, held, that, upon proof of actual notice to the defendant, the mortgage was properly received in evidence, although the acknowledgment thereof was so defective that the record of the same was not sufficient to impart notice.

2. **Execution**: LEVY: NOTICE OF OWNERSHIP BY THIRD PERSON: REQUISITES. The notice contemplated by sections 3055 and 3056 of the Code, and required to be given to an officer by a third person claiming property levied upon by him, need not state the extent of the claimant's interest, but simply that the property "belongs to" him; and a notice which states that the claimant is the owner of it, is sufficient, though he is only a mortgagee.

3. **Replevin**: POSSESSION OF SHERIFF: PRESUMPTION AS TO PROPERTY. After the defendant, as sheriff, had levied upon certain property, the plaintiff, a mortgagee, notified him of his ownership of it, but the sheriff wrongfully retained it until the fifth day of the next month, when another mortgagee, who had on the fourth of the month claimed the property, replevied it. On the fifth, also, the plaintiff commenced this action to recover the property, and for damages. Held, that in the absence of any showing whether the commencement of this action, or the taking of the property under the writ, was prior in point of time, it must be presumed that the defendant's wrongful possession continued up to the time this action was begun, and that, therefore, he was liable to the plaintiff herein.

4. **Appeal**: ERROR IN ALLOWING DAMAGES: OBJECTION TOO LATE. Where, in a replevin case tried to the court, the property was awarded to the plaintiff, together with ten dollars damages for its retention, held, that the objection that there was no evidence to sustain the judgment for damages could not be made for the first time in the supreme court, the amount being little more than nominal.

*Appeal from Louisa District Court.*—HON. W. R. LEWIS, Judge.

THURSDAY, JANUARY 26, 1893.

ACTION to recover the possession of specific personal property. There was a trial by the court without a jury, and a judgment in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*Fred Courts, Jr.*, and *L. A. Riley*, for appellant.

*E. W. Tatlock*, for appellee.

ROBINSON, C. J.—The petition alleges that the plaintiff is entitled to the immediate possession of the surplus of thirty-five acres of corn growing on the southeast quarter of the northwest quarter of section 24, in township 73 north, of range 2 west, after deducting the amount due Souster, Cabeen & Humbert, as evidenced by a mortgage given to them on the fourth day of October, 1889, and also to the immediate possession of two-thirds of ten acres of corn growing on the southwest quarter of the southwest quarter of the same section; that he acquired such right of possession by virtue of a chattel mortgage executed on the eighteenth day of October, 1889, by William Bell, who then owned the property, to secure the payment of a promissory note for the sum of three hundred and fifty dollars; that the corn is of the actual value of ten dollars per acre, and is detained by the defendant as sheriff, as the plaintiff believes, under an execution issued in favor of Pritz & Adelsdorf against the property of Bell, and levied upon the property in question; that the levy is void; that the mortgage of the plaintiff is unpaid, and that he has sustained damage in the sum of twenty-five dollars by reason of the wrongful detention of the property by the defendant; that he has served a written notice on the

defendant that the property belonged to him, and demanded possession thereof; that a copy of the notice is attached to the petition.    Judgment is demanded for the possession of the property, or, if it can not be found, for its value.

The answer admits the levy, and states that it was made under the execution described, and under another, in favor of the Exchange Bank, and against the property of Bell.    It admits that the value of the corn is as stated, and admits the service of a notice, but denies its sufficiency.    It denies that the defendant was in possession of the corn when the action was commenced, and alleges that it had been taken from him prior to that time under a writ of replevin issued in an action against him in which Souster, Cabeen & Humbert were plaintiffs.    Notice of the mortgage of the plaintiff, and all allegations of the petition not admitted, are denied.

The district court found that the plaintiff was entitled to the possession of the corn and that he had suffered damage in the sum of ten dollars by reason of its wrongful detention.    Judgment was rendered in favor of the plaintiff for the possession of the corn, and provided that, in case it could not be found, he should recover of the defendant, for his interest in the corn, and damages, the sum of three hundred and fifty-one dollars and thirty-one cents.

I.    The chattel mortgage under which the plaintiff claims was introduced in evidence against the
1. REPLEVIN: objection of the defendant.    It was re-
chattel mort- corded before this action was commenced,
gage: notice:
evidence. but the acknowledgment was so defective that the record of the mortgage did not impart constructive notice of its contents.    The acknowledgment was not, however, essential to its validity; and it was effective, as between the parties to it, and as against all parties having notice of it.    *Morse v. Beale*, 68

Iowa, 467; *Lake v. Gray*, 30 Iowa, 416; *Jones v. Berkshire*, 15 Iowa, 249. There was evidence which tended to show that Bell notified the defendant of the mortgage before the levies in question were made. The petition alleged that the mortgage was duly recorded, and did not charge that the defendant had actual notice of it when the levies were made. The answer alleged that the defendant did not have either actual or constructive notice of it when he made the levies, and that allegation was not denied by a reply. A reply was not necessary, however, as a denial was made by the law. The petition showed clearly that the plaintiff's right of recovery was founded on the mortgage. The defendant presented the question of notice by the affirmative allegations of his answer. Under these circumstances, there was no error in admitting the mortgage in evidence on the proof of actual notice of its existence given to the defendant before the levies were made.

II. The defendant objected to the introduction in evidence of the notice of ownership, which was served on him before the commencement of this action. The ground of the objection is that the notice stated that the plaintiff was owner of the corn, while the undisputed fact was that his only right to it was given by the chattel mortgage. The case of *Kern v. Wilson*, 73 Iowa, 490, is relied upon as supporting the objection of the defendant. The petition in that case alleged that the plaintiffs were the absolute and unqualified owners of a stock of drugs, and it was held that the trial court erred in admitting in evidence, to prove the ownership alleged, a chattel mortgage. The decision was based upon the fact that the statute requires petitions, in cases of that kind, to state "the facts constituting the plaintiff's right to the present possession" of the property, "and the extent of his interest in the

*2. EXECUTION: levy: notice of ownership by third person: requisites.*

property, whether it be full or qualified ownership." Code, section 3225, subd. 3. It was held that the interest created by a chattel mortgage, in this state, was not, prior to default in the payment of the money secured thereby, the absolute ownership of the property mortgaged; therefore there was a variance between the pleadings and the proof offered. But the statute in regard to notice of ownership does not specify what it shall contain, except that it must be a notice in writing that the property upon which the officer is about to levy, or has levied, "belongs to" the person giving the notice. Code, sections 3055, 3056. The purpose of the statute is to enable the officer to obtain a sufficient indemnifying bond, and the notice fulfills the requirements of the law if it accomplishes that purpose. It does not appear that the defendant made any objection to the notice when it was served. Its contents justified him in demanding a bond to cover the full value of the property, and on its face was sufficient. It was therefore properly received in evidence.

III. The appellant contends that the evidence shows that, at the time this action was commenced, he was not in possession of the corn; that he makes no claim to it; and that there was no evidence of damages, for which the sum of ten dollars was allowed. The answer admitted the levy of the executions upon the corn, and it appears without conflict in the evidence that the defendant took possession of it under the executions. But it is said that it was taken from him before this action was commenced by virtue of a writ of replevin issued for that purpose in an action in which Souster, Cabeen & Humbert were plaintiffs, and he was defendant. The only evidence that the property was so taken was his returns on the two executions under which he took the property. The return

*3. REPLEVIN: possession of sheriff: presumption as to property.*

on each, so far as it related to the taking of the property from him, was as follows: "On the fourth day of December, 1889, Souster, Cabeen & Humbert served a notice on me, claiming said property, and asking a release of the same. I notified plaintiff of said notice, and asked for an indemnifying bond, and same was given me; and on the fifth day of December, 1889, said property [referring to the corn] was taken from my possession under and by virtue of a writ of replevin in case of Souster, Cabeen & Humbert v. I. Black, Sheriff." This action was commenced on the fifth day of December, 1889, the day the property was taken from the defendant. It does not appear whether the commencement of this action or the taking of the property from the defendant under the writ in favor of Souster, Cabeen & Humbert was first in point of time. But the plaintiff served notice of his ownership on the defendant on the fourteenth day of November, 1889, and then demanded the release of the property. The defendant had possession of the property at that time, and wrongfully neglected to surrender it to the plaintiff. He was wrongfully detaining it on the day the action was commenced. Whether, in view of the general rule that fractions of a day are not regarded in legal computations, the taking of the property under a writ of replevin before this action was commenced, and on the same day, would have constituted a defense, we need not determine. But conceding, for the purposes of this case, that such a taking would have been a defense, the burden was upon the defendant, under the facts of the case, to plead and prove it. That he failed to do, and we must presume that when this action was commenced he still retained wrongful possession of the property. It is well settled that in an action of this kind the right of the plaintiff to recover depends upon his right to the possession of the property at the time the action is commenced. Code, sec-

tion 3225; *Campbell v. Williams*, 39 Iowa, 646; Cobbey on Replevin, section 796.

It is insisted with much earnestness that it will be unjust to require the defendant to pay to the plaintiff the value of the property taken to satisfy the claim of Souster, Cabeen & Humbert. The pleadings do not present any issue in regard to their claim. The defendant failed to allege in his answer that they held any valid claim to the property, or that their taking it by means of a writ of replevin was rightful. He might have caused them to be substituted for himself as party defendant, under section 3228 of the Code, but made no attempt to do so. There is no evidence in the record in regard to the nature of the claim on which their action of replevin was founded. It may be inferred from an averment of the petition that they claim a right to the thirty-five acres of corn first described, under a chattel mortgage. The district court found that they had a first lien on that corn to secure the sum of ninety-six dollars and seventy-seven cents, from which we infer that there was some evidence in regard to their claim which was not deemed important to a determination of the questions presented in this court. There is nothing in the record to indicate that they had a right to the ten acres of corn in question.

The appellant claims that the court found, without evidence, that the plaintiff had sustained damage in the sum of ten dollars by reason of the wrongful detention of the property, and erroneously included that amount in the judgment. Whether the claim is well founded, we need not determine, for the reason that it appears to have been made for the first time in argument in this court. It is not made by the assignment of errors, and does not seem to have been called to the attention of the district court. The error, if one was

4. APPEAL: error in allowing damages: objection too late.

committed, was no doubt due to an inadvertence, and we must presume would have been promptly corrected, had an opportunity to do so been given. As the amount involved is little more than nominal, it would do manifest injustice, in view of the facts stated, to reverse the judgment of the district court on account of it. Affirmed.