SPEGAL, SHERIFF, v. KRAG–REYNOLDS COMPANY.

[No. 2,879.   Filed November 23, 1898.]

NOTARY PUBLIC.—*Official Acts Not Questioned Collaterally.—City Attorney.*—Where a notary public accepts the office of city attorney, his official acts thereafter as notary public cannot be questioned in a collateral proceeding.

From the Hancock Circuit Court. *Affirmed.*

*R. A. Black, Henry Warrum* and *Charles E. Barrett,* for appellant.

*Marsh & Cook,* for appellee.

COMSTOCK, J.—An action in replevin to recover possession of personal property, consisting of goods, wares and merchandise. Appellant, who was defendant below, answered, in substance: That the plaintiff, a corporation, ought not to maintain its action because Marcellis J. Walker was on the 27th day of October, 1897, the owner and in possession of the property described in the complaint, and on said date signed and pretended to acknowledge a chattel mortgage on the same to certain of his creditors (naming them), to secure them severally the payment of certain indebtedness then owing them by him, which mortgage was duly delivered to the mortgagees, and recorded in the proper record in the recorder's office of Hancock county, Indiana (the county where said Walker then resided), within ten days of the pretended execution thereof; that on the 1st day of November, 1897, said Walker, still being the owner and in the possession of said goods, subject only to said mortgage, made and pretended to acknowledge a certain deed of assignment, in which he pretended to convey to one Thomas H. New, as his assignee, all his real and personal property, choses in action, rights and credits, for the benefit of creditors, under the

statute provided, and put his said assignee into pos-
session of all his property, including that mentioned
in the complaint, who thereupon took possession and
claimed to hold the same as such assignee.  Said deed
of assignment was duly recorded in the proper record
of said county on the day last mentioned.  On the
2nd day of November, 1897, New Brothers, J. C. Alex-
ander, David A. Endrich, John N. Thomas, James G.
Walker, Hughes Burns, and John M. Cline, said cred-
itor mortgagees, sold and assigned all their right, in-
terest and claim to the indebtedness owing to them
from said Walker, and all their right and interest in
said pretended mortgage, and  delivered  said  pre-
tended mortgage, to the appellee; that on the ——
day of November, 1897, appellee replevined the prop-
erty described in the mortgage from Thomas H. New,
assignee, and obtained possession of the same, and
on the — day of November, 1897, after having posted
notices as provided by law, sold said goods at public
outcry, and, having bid for said goods the highest
sum offered therefor, the same were struck off to it
as purchaser.  Afterwards on the — day of Novem-
ber, 1897, one George W. Stout recovered judgment
against said Walker for $565.75, upon which an exe-
cution was duly issued to satisfy said judgment out of
the property of said Walker, which execution was, on
the — day of December, 1897, levied upon the prop-
erty described in the complaint as the property of
said Walker, whereupon, plaintiff (appellee), began
this action in replevin; that said pretended mort-
gage and said pretended deed of assignment are null
and void, and that the personal property mentioned
therein is still the absolute property of said Walker,
subject to execution, for the reason that said pre-
tended mortgage and deed of assignment were both
acknowledged before one Elmer J. Binford, who at

the time pretended to be a notary public, appointed and qualified, and to be acting as such, and who certified to said acknowledgment, attesting the same with a notarial seal; that at the time of said acknowledgments, said Binford was not a notary public, and had no authority to take or certify acknowledgments of deeds or other instruments, because after his appointment and qualification as notary public, which was in November, 1893, he was on the 5th day of June, 1895, duly elected city attorney of the city of Greenfield, Indiana,—a city duly organized under the general laws of the State of Indiana for the incorporation of cities,—qualified as such, and entered upon his duties, and has ever since continued to be and act as such city attorney; that by reason of his acceptance of said office of city attorney, which is a lucrative office, with a salary of $400 per annum, the appointment of said Binford as notary public became vacated, and his pretended acknowledgments became null and void. The trial court sustained a demurrer to this answer, and, appellant refusing to plead further, judgment on said demurrer was rendered in favor of appellee. The action of the court in sustaining the demurrer to the answer is the only question presented by this appeal.

For a reversal of the judgment, appellant's learned counsel rely upon the proposition that Binford, in accepting the office of city attorney, vacated his commission as notary public, and thereby invalidated the deed of assignment and chattel mortgage acknowledged before him. The argument of appellant's counsel is addressed solely to the support of this proposition. They cite and rely upon the following statutory provisions: Section 2900, Burns' R. S. 1894, "All assignments under this act shall be by indentures duly signed and acknowledged before some person duly au-

thorized to take acknowledgment of deeds, and shall, within ten days after the execution thereof, * * * . No assignment under this act shall convey to the assignee any interest in the property so assigned until such assignment is recorded, as provided for in this section." Section 4913, Horner's R. S. 1897, "No assignment of goods, by way of mortgage, shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assigment or mortgage shall be acknowledged, as provided in the case of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, * * * within ten days after the execution thereof." And section 8041, Burns' R. S. 1894, that no person holding any lucrative office or being an officer in any bank, corporation or association possessed of banking power, shall be a notary public, and his acceptance of any such office shall vacate his appointment as notary. If this one question alone were presented by the demurrer, it would be necessary only to determine whether or not the office of city attorney is, within the meaning of the constitution and statutory provisions, a lucrative office; but there are other questions presented by the demurrer.

Conceding for the sake of argument (without deciding), that the office of city attorney is a lucrative one, there are yet controlling reasons for affirming the judgment of the trial court. The office of notary public is a public office. The right to a public office cannot be tried in an action of replevin. 20 Am. & Eng. Enc. of Law, p. 1047. The attack on the authority of the notary is collateral, and his authority cannot be so questioned. The answer avers that he was a duly appointed, qualified and acting notary public at the

Spegal *v.* Krag-Reynolds Co.

time he certified to the acknowledgment of the judgment and deed of assignment.

It has been repeatedly held in this and other states that the official acts of an officer acting under color of election or appointment can only be questioned in a direct proceeding to contest his right to hold the office. *Creighton* v. *Piper*, 14 Ind. 182; *Gumberts* v. *Adams Express Co.*, 28 Ind. 181; *Mowbray* v. *State, ex rel.*, 88 Ind. 324; *Baker* v. *Wambaugh*, 99 Ind. 312; *Desmond* v. *McCarty*, 17 Ia. 525; *McInstry* v. *Tanner*, 9 Johns. 135; *Potter* v. *Luther*, 3 Johns. 431; *Reed* v. *Gillet*, 12 Johns. 296; *Parker* v. *State, ex rel.*, 133 Ind. 178; *Wilcox* v. *Smith*, 5 Wend. 231; *Grim* v. *Adkins, ante*, 106.

The authority of a notary *de facto* cannot be questioned collaterally, and Binford at the time of taking the acknowledgments in question was at least a notary public *de facto*. *Hamilton* v. *Pitcher*, 53 Mo. 334; *Bullene* v. *Garrison*, 1 Wash. Ter. 587; *Hastings* v. *Vaughn*, 5 Cal. 315; *Davidson* v. *State*, 135 Ind. 259; *Waterhouse* v. *Black*, 87 Iowa 317, 54 N. W. 342; *Brown* v. *Lunt*, 37 Me. 423; *Wilson* v. *Kimmel*, 109 Mo. 260, 19 S. W. 24. In *Davidson* v. *State, supra,* objection was made to the introduction in evidence of a deed "because the acknowledgment was void, having been taken before a notary public who was at the time filling the office of deputy recorder." The court said that the objection was not tenable. "The notary was, at least, an officer *de facto*, and his acts as to third parties were valid," citing *Leach* v. *State*, 78 Ind. 570, and *Baker* v. *Waumbaugh, supra*.

Appellee had taken possession of the mortgaged property before the rights of appellant had attached. In *Weber* v. *Mick*, 131 Ill. 520, 23 N. E. 646, the court said: "As the possession of the property mortgaged

VOL. 21—14

was delivered to the mortgagees at the time the mortgage was executed and remained with them, it was unnecessary to show that the mortgage was acknowledged at all." *In re Burnett*, 4 Fed. Cas. No. 2172, it is held that, if the possession is taken by the mortgagee before the rights of others have attached, it cures any irregularity in the acknowledgment. *Kothe* v. *Krag-Reynolds Co.*, 20 Ind. App. 293, cited by appellant, is not in conflict with the foregoing decisions. The answer shows that appellees had purchased the property in question at public auction, and had possession of the same prior to the rendition of the judgment in favor of appellant, and before the rights of appellant could attach. The answer does not aver that appellant did not have actual knowledge of the existence of appellee's mortgage, or that it was recorded. It is not averred that appellant did not know of said defective acknowledgment, nor that the mortgage was fraudulent, nor that it was executed without consideration. Walker would have had the right, in failing circumstances, to prefer his creditors. Instead of executing a mortgage, he might have delivered the property mortgaged to the mortgagees in good faith payment of their claims, and their title thus obtained would have been unquestioned. After the mortgage had been recorded, and before the lien of appellant's execution had attached, Walker could have delivered the mortgaged property in payment of the debt the mortgage had been given to secure, and the title would have been perfect.

If the mortgagees had been compelled to replevin the property mortgaged of the mortgagor, and had afterward sold the same at public auction, pursuant to the terms of the mortgage, to satisfy their claims, prior to the time appellant's execution was issued,

the purchaser at said sale would have taken a good title. And, under the facts set out in the answer, the assignee of the creditors (appellee) having become the owner of the property by purchase at public sale under the mortgage, having obtained possession as owner prior to the time appellant's execution could have become a lien thereon, it cannot be admitted that appellant's execution gave him the right to resist the validity of the mortgage, because of the alleged pretended acknowledgment. In our view of the law, it could make no difference whether Binford did or did not vacate the office of notary public by accepting that of city attorney. Judgment affirmed.