EMERSON B. DAWSON et al., appellants, v. WELCH LAUFER-SWEILER, appellee.

No. 47861.

(Reported in 48 N.W.2d 228)

758

Breen, Breen & McCormick, Loth & Melton and Rider & Bastian, all of Fort Dodge, for appellants.

Kelleher & Kelleher and Burnquist, Helsell & Burnquist, all of Fort Dodge, for appellee.

HAYS, J.—This appeal questions the correctness of the decree entered by the trial court in compliance with a procedendo issued from this court in Dawson v. Laufersweiler, 241 Iowa 850, 43 N.W.2d 726.

Without going into detail, the question there involved was "whether construction of a funeral home across the street from plaintiffs' residence should be enjoined as a threatened nuisance." The trial court held that it should and granted a permanent injunction. This court, on appeal, held that it should not and reversed the trial court.

The usual procedendo was issued to the trial court and stated that the cause was reversed and further proceedings ordered therein not inconsistent with the reversing opinion. In compliance therewith the trial court entered a decree setting aside the orig-

inal decree and dissolved the permanent injunction. It also provided: "That pursuant to the decision of the Supreme Court * * * the petition of the plaintiffs in this cause be, and it is, hereby dismissed."

■ Appellants herein, appellees in the original appeal, assert error in that the trial court should have dismissed their petition without prejudice, or, in the alternative, retained jurisdiction for any subsequent action that might be taken seeking injunctive relief. We find no merit in this contention.

■ ■ The rule is well-established that " 'an adjudication is final and conclusive not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation.' " Hogle v. Smith, 136 Iowa 32, 39, 113 N.W. 556, 558. It is also the rule that after a reversal of a suit in equity which is remanded for further proceedings not inconsistent with the opinion, it stands precisely as any suit in equity stands between the submission and the entry of the decree, the court being fully advised in the premises, and the decision announced as to what decree should be entered upon the pleadings and evidence *as they then stand.* Adams County v. The Burlington & M.R.R. Co., 44 Iowa 335; Sleeper v. Killion, 182 Iowa 245, 164 N.W. 241. While it is true that upon such a remand matters which might have been submitted in the first instance, but for good cause were not, may be submitted to the trial court before the decree is entered (see authorities above-cited) no such question is involved here.

The issue before the court in the initial proceedings was whether a funeral home to be erected on the premises in question would necessarily constitute a nuisance. No other question was raised by the pleadings. No other question was determined by this court. The decision therein was and is an adjudication of that issue. The fact, if it be a fact, that the future operation of the establishment may create a nuisance—a possibility that was recognized by this court—is dependent entirely upon what may or may not happen in the future and is as foreign to the original litigation as any other future litigation between the same parties would be.

760

The decree of the trial court, entered upon receipt of the procedendo, is in accordance with the same and with the recognized rules governing the same. There being no error the decree of the trial court should be and the same is affirmed.—Affirmed.

WENNERSTRUM, C.J., and BLISS, OLIVER, GARFIELD, SMITH, MANTZ and THOMPSON, JJ., concur.

MULRONEY, J., takes no part.