LOREN BARRY and NORMAN BARRY, as individuals, d/b/a BARRY BROTHERS, appellees, v. STATE SURETY COMPANY, appellant.

No. 52610.

(Reported in 154 N.W.2d 97)

██ 

November 14, 1967.

Stipe, Davidson & Hemphill, of Clarinda, for appellant.

Camp & Harsh, of Creston, for appellees.

LeGrand, J.—On May 28, 1965, Miller-Tomlinson Implement Company started a replevin action against these plaintiffs to secure possession of certain property, including a 1955 I-300 International Harvester tractor. The tractor is the only property involved in the present litigation.

Desiring to obtain possession immediately, Miller-Tomlinson Implement Company filed its bond, as required by section 643.5, Code, 1962. This action is against appellant, as surety on that bond, for damages resulting from the wrongful seizure and detention of the tractor.

This is the second suit started by plaintiffs to collect damages. The first was begun on July 7, 1965, and was dismissed by the trial court as premature because the replevin action had not yet been tried and the right to claim damages was dependent upon the result of that action.

Later a judgment was entered determining that the replevin was wrongful and ordering the tractor returned to these plaintiffs. A notice of appeal from that judgment was filed, but the appeal was not pursued further.

Plaintiffs then started this action against defendant, asking damages for depreciation in the value of the tractor and for loss of use thereof during the period it was wrongfully withheld. After trial to the court, plaintiffs were awarded damages for loss of use at a rental rate of $2.00 per hour, limited by the actual value of the tractor, which the court placed at $1500. Judgment was for that amount although the court found it to be less than the actual loss of use.

In our consideration of this matter we treat defendant as if it were the obligor on the bond, since its legal position here is identical with that of its principal, Miller-Tomlinson Implement Company. As far back as Hershler v. Reynolds, 22 Iowa 152, 155, we held the surety on a replevin bond was considered as being in court in a suit against the principal and was bound by any judgment on matters covered by the bond. This is still the law, and defendant cannot impeach the replevin judgment here. 77 C.J.S., Replevin, section 320, page 230.

Defendant has appealed from the judgment and from orders overruling its motions for judgment notwithstanding the verdict and for a new trial. Although not presented exactly as defendant assigned them, nor in the same order, the main errors presented for our consideration are: (1) the exclusion of evidence challenging plaintiffs' ownership of the tractor; (2) the refusal to hold that this suit was barred by dismissal of the previous action for damages; (3) the refusal to hold that a surety could in no event be liable for damages because section 643.20, Code, 1962, limits such liability to a judgment for the value of the property; and (4) the allowance of damages for loss of use.

I. Defendant contends there was error in excluding evidence offered concerning ownership of the tractor. We find no place in the record where defendant offered such evidence. The evidence offered and excluded was evidence concerning the defendant's right of possession to, not ownership of, the tractor. Replevin is principally a possessory action. Its very purpose is to determine who should have possession. Judgment in the replevin action established that right to be in plaintiffs. Defendant is bound by that determination. This question having once been litigated, it was at the time of this

trial res judicata. The trial court was correct in excluding this evidence. Dawson v. Laufersweiler, 242 Iowa 757, 758, 48 N.W.2d 228, 229; In re Estate of Ramsay, 240 Iowa 50, 59, 60, 35 N.W.2d 651, 656; Jordan v. Stuart Creamery, Inc., 258 Iowa 1, 6, 137 N.W.2d 259, 261.

II. Defendant next asserts that plaintiffs were barred from bringing this action for damages because their original suit seeking similar relief had been dismissed by order of court as premature. Defendant claims this dismissal was a final adjudication of plaintiffs' right to claim damages, which forecloses the bringing of the present action. Shortly after the replevin suit was started, but before it was tried, plaintiffs started an action asking damages for wrongful replevin. Upon motion, this action was dismissed as premature. The dismissal was not intended to be an adjudication on the merits. The reason given for the dismissal was that no action for damages would lie until the question of right of possession had been first determined. If the replevin were held to be rightful, then there could be no claim for damages. This was one of the grounds upon which the motion was made and this was the ground upon which the dismissal was based. Under such circumstances the claim for damages was not res judicata. Although the order of dismissal itself does not so provide, the record contains a statement of the trial court made during trial that the dismissal of the earlier suit was not a dismissal on the merits.

Furthermore the doctrine of res judicata is applicable only to those issues which were, or could have been, presented to and determined by the court in the earlier suit. Jordan v. Stuart Creamery, Inc., supra. Here plaintiffs seek relief for the state of disrepair in which the tractor was returned. This matter was unknown to plaintiffs when the first action for damages was brought. It could not, therefore, have been litigated and decided there. This is also true of part of plaintiffs' claim for loss of use, which accrued subsequent to the original action for damages.

We agree with the trial court that the dismissal in question does not operate as a bar to this suit.

III. Defendant next asserts that in no event may a judgment for damages be awarded against it since its liability on the bond is limited to assuring payment of a judgment for the value of the property. Defendant relies on section 643.20, Code, 1962, which provides: "When property for which a bond has been given as hereinbefore provided is not forthcoming to answer the judgment, and the party entitled thereto so elects, a judgment may be entered against the principal and sureties in the bond for its value."

This section merely provides one remedy available against a surety. It is not exclusive of other remedies. In any event that section has no application here since plaintiffs did not make the election provided for therein. Defendant entirely overlooks section 643.5, Code, 1962, which requires the principal to pay all costs and damages that may be adjudged against him. It is the performance of this obligation which the surety guarantees. Defendant interprets this to mean only such costs and damages as are allowed in the replevin action itself, but we hold it to mean any costs and damages assessed against the principal, whether in the main action or in a separate action, when a separate action is permissible. 77 C.J.S., Replevin, section 320, page 231; Hall v. Smith, 10 Iowa 45; Annotations, 85 A.L.R. 644.

IV. The most strenuous objection made by defendant is the claim that plaintiffs are not entitled to damages for loss of use because the evidence did not disclose any actual loss and because such claim was waived by plaintiffs' failure to assert it in the replevin action.

We disagree with defendant's claim that plaintiffs may not have damages unless they have rented equipment to replace that which was taken from them. The basis for allowing damages in such cases is that a plaintiff has been deprived of his rightful possession. The fact, if it be a fact, that plaintiffs here did not hire equipment to replace theirs and that they would not have used this equipment anyway, even if it had been in their possession, does not appeal to us. It was their equipment. They were entitled to its possession and to its use, and defendant's interference with that possession entitles plaintiffs to damages. 77 C.J.S., Replevin, section 277, page 203;

228

Ruzanoff v. Retailers Credit Association, 97 Cal. App. 682, 276 P. 156, 158; Consolidated National Bank of Tucson v. Cunningham, 28 Ariz. 518, 238 P. 332, 334; Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1366, 1367, 29 N.W.2d 204, 210; Hoyt v. Fuller, 8 Cir., 104 F. 192, 193.

Defendant also claims that plaintiffs cannot have damages for loss of use because this matter was not litigated and disposed of in the original replevin action. Defendant relies upon section 643.17, Code, 1962: "The judgment shall determine which party is entitled to the possession of the property, and shall designate his rights therein, and if such party have not the possession thereof, shall also determine the value of the right of such party, which right shall be absolute as to an adverse party, and shall also award such damages to either party as he may be entitled to for the illegal detention thereof. * * *."

No such finding was made in the replevin action and no such damages were awarded. We agree with defendant that all damages which were then known or ascertainable, and which were not determined by the replevin action, are waived. The purpose of section 643.17 is to avoid a multiplicity of suits. When parties are in court to litigate their differences, it is ordinarily required that they dispose of all matters of dispute between them touching upon the main quarrel. Here Miller-Tomlinson Implement Company started a replevin action, the very purpose of which was to determine the rights of the parties to the tractor in question. It is unnecessarily cumbersome and expensive to permit part of this dispute to be settled in one action and to require the remainder of it to await the outcome of another suit. Plaintiffs argue that they could not ask for damages in the replevin action because their right to possession had not yet been determined. This does not impress us. In most cases the right to damages is contingent upon a prior determination of liability; but liability and damages are determined in one action, not two. This is particularly true in view of the strong language of our statute which states that the court *shall* award such damages to either party as he may be entitled to for the illegal detention of the property.

This leaves little room for any interpretation except that the award of damages in the replevin action is obligatory, not discretionary, as to all matters then provable. McCallister v. M-A-C Finance Co., 10 Cir., 332 F.2d 633, 635; Gust v. Edwards Co., 129 Ore. 409, 274 P. 919; 77 C.J.S., Replevin, section 289, page 209; Annotations, 85 A.L.R. 644; Jordan v. Stuart Creamery, Inc., 258 Iowa 1, 5, 6, 137 N.W.2d 259, 261, and citations.

This, however, does not completely resolve the present problem. What we have said indicates that all damages which were known or ascertainable at the time the replevin action was tried must be included in that judgment. It does not follow that a separate action for damages may never be maintained. There are instances in which a litigant cannot determine his damages until after the replevin action. This is true when property is returned in such a state of disrepair that a party might be entitled to recover the cost of restoring it. Such fact would be unknown at the time the replevin action was tried. Similarly a party could be entitled to damages for unreasonable delay in a return of the property, after the court had ordered its return. Unless a separate suit were maintainable, there would be no remedy for this misconduct. Yet it would be manifestly unfair to deny relief under such circumstances.

Here plaintiffs allege that the tractor, when returned to them, was in such poor condition that its value had been substantially decreased. They did not know this until after completion of the replevin suit. Therefore this item of damage could not have been raised at that time. Furthermore the record shows that after the judgment ordered a return of the tractor, possession was still withheld from plaintiffs until execution issued. While we do not so hold, it may be there was unreasonable delay in complying with the judgment. If so, plaintiffs might be entitled to damages which could not have been proven earlier.

We hold that all damage which had accrued at the time the replevin action was tried was required to be included therein. Otherwise claim therefor is barred under section 643.17, Code, 1962. This view is supported by the authorities

previously cited in this division. We find it was error to allow damage here for loss of use from the time the property was seized until the entry of judgment in the replevin action. That damage, if allowable at all, must be included in the replevin action. For that reason we must reverse.

Plaintiffs may be entitled to damage for loss of use from the date of the replevin judgment until the tractor was returned, if the trial court should find the delay an unreasonable one.

We have previously held that when liability has been established and when certain issues have been fairly tried and disposed of, but others require a new trial, it is not necessary to re-try all the issues. The new trial may be limited to those issues concerning which there was error. Here all issues have been correctly settled except what damages, if any, plaintiffs are entitled to. The case is remanded for a determination of that alone. Feldhahn v. Van DeVenter, 253 Iowa 1194, 1197, 115 N.W.2d 862, 864, and citations.

V. Defendant complains because the trial court did not fix the value of the property in the replevin action as required by section 643.16, Code, 1962. Since the replevin suit allowed neither a judgment for the value of the property nor any damages and since, further, the defendant had full opportunity to contest the matter of value in this action, we find no prejudice from the failure to comply with section 643.16.

Defendant also contends the findings of the trial court and the judgment entered included matters not within the issues. We find no merit in that claim.

We find no merit either in the claim that plaintiffs had elected to declare a conversion and are therefore not entitled to damages. The record discloses no such election.

The cause is reversed and remanded for further proceedings on the sole issue of plaintiffs' right to damages for loss of use from the date of the replevin judgment to the date the tractor was returned. If request is made, either party should be permitted to amend the pleadings so that this issue may be fully adjudicated.—Reversed and remanded.

All JUSTICES concur.