Barbara A. **FLICKINGER**, Appellee,

v.

**MARK IV APARTMENTS, ASSOCIATION,** Appellant.

No. 65836.

Supreme Court of Iowa.

Feb. 17, 1982.

Mark T. Hamer of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

Clemens Erdahl, Iowa City, for appellee.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

Defendant, Mark IV Apartments Association, appeals and plaintiff, Barbara A. Flickinger, cross-appeals from the judgment of the trial court in a replevin action, which was tried to the court. We find no error and affirm the trial court.

On September 4, 1976, Flickinger was delinquent on her rental obligation to Mark IV. She returned to her apartment at approximately 9:00 p. m. but was unable to gain entrance because Mark IV had installed a new lock. Mark IV had previously utilized such a "lock-out" as a means of collecting rent from Flickinger. On this occasion, however, Flickinger did not contact Mark IV with respect to either access to the apartment or payment of the overdue rent. She left Iowa City and within a few days was arrested in Hardin County, where she was incarcerated until November 10, 1976.

Flickinger's parents, Pennsylvania residents, came to Iowa and took custody of her children. Before returning to Pennsylvania, the parents apprised Mark IV of Flickinger's situation and were allowed to remove the children's clothing and toys from the apartment. Mark IV then moved the contents of Flickinger's apartment to a locked storage facility. When she was released from jail, Flickinger made no attempt to contact Mark IV to recover her property.

In January 1977, at which time Flickinger resided in Eldora, Iowa, Mark IV obtained a default judgment against her in the Johnson District Small Claims Court in the amount of $500 for the delinquent rent. Subsequently, Flickinger moved to Pennsylvania to be with her children and parents. Telephonic and written communications followed.

During a telephone conversation in August 1977, Mark IV advised Flickinger that her property had been stored and that she could settle the default judgment for $200. On January 20, 1978, Flickinger's attorney, a staff member of Hawkeye Legal Services Society, informed her that Mark IV wanted her property removed by February 15. On February 16 Mark IV gave Flickinger written notice to remove her possessions by March 13 or to give it written permission to dispose of the property. Flickinger responded by requesting that the property be allowed to remain in storage until May, and Mark IV assented. Flickinger then sent Mark IV three checks for $20 each, to be applied toward the settlement for the delinquent rent. Flickinger did not remove her furniture in May, however, and in September Mark IV notified Flickinger that if she did not remove her property it would be given to Goodwill Industries.

The evidence concerning the disposition of Flickinger's property is conflicting. Flickinger testified that she returned to Iowa City in the fall of 1978 and removed items of her property from the storage facility on three occasions. However, there was evidence by Mark IV that Flickinger removed property on a fourth occasion and told an employee of Mark IV to dispose of the remaining items. Flickinger testified that she received some, but not all, of her property. She stated that during her last telephone conversation with Mark IV she was informed that her remaining property was in the process of being disposed of and would not be there when she came to claim it. A representative of Mark IV testified that Flickinger had removed all of her property, however.

Flickinger introduced into evidence a schedule of the items of personal property she allegedly did not recover from Mark IV. The trial court found as a matter of fact that all of the items on the schedule, with the exception of baby clothes, had been wrongfully detained by Mark IV. The court ordered Mark IV to return the property to Flickinger or, if it were unable to do so, to pay her damages of $2471, the value assigned to the property by the court.

Mark IV contends that (1) the record does not support the trial court's finding that it wrongfully detained Flickinger's property, and (2) the trial court erred in refusing to award it storage charges for the period of time it had possession of the property. Flickinger assigns error to the trial court's failure to award her damages for loss of use of the property during the period of detention.

I. *General Principles.* Replevin is an action to recover specific personal property that has been wrongfully taken or wrongfully detained, with an incidental right to damages caused by reason of such detention. *See generally* 66 Am.Jur.2d *Replevin* § 2 (1973); 77 C.J.S. *Replevin* § 1 (1952). In Iowa the action is statutory, ch. 643, The Code; it combines the features of the common-law actions of replevin and detinue, *Dvorak v. Avery*, 208 Iowa 509, 510, 225 N.W. 947, 947 (1929). The pleading requirements are contained in section 643.1, The Code. The petition must state, *inter alia*: facts showing the plaintiff's right to possession of the property; that the property was neither taken pursuant to court order or judgment nor attachment or execution, or, if so, that it was exempt from seizure by such process; and the alleged cause of the detention of the property. § 643.1(3)–(5), The Code.

The gist of a replevin action is enforcement of the plaintiff's right to immediate possession of the property wrongfully taken or detained. *Iowa Truck Center, Inc. v. Davis*, 204 N.W.2d 630, 631 (Iowa 1973); *Marx Truck Line, Inc. v. Fredricksen*, 260 Iowa 540, 546, 150 N.W.2d 102, 105 (1967); *Ritchie v. Hilmer*, 251 Iowa 1002, 1004, 103 N.W.2d 858, 859 (1960); *Harrow v. Ryan*, 31 Iowa 156, 158 (1870); *Gimble v. Ackley*, 12 Iowa 27, 30 (1861). A wrongful taking need not be by forcible dispossession; any unlawful interference with, or assertion of control over, the property is sufficient. 77 C.J.S. *Replevin* § 53. A wrongful detention occurs when the defendant wrongfully withholds or retains possession of the property sought to be recovered. 66 Am.Jur.2d *Replevin* § 24.

Replevin is an action at law. § 643.2, The Code. When the action is tried to the court, its findings of fact have the force of a jury verdict and are binding on appeal if supported by substantial evidence in the record; review is upon assigned errors of law. *Ritchie*, 251 Iowa at 1004, 103 N.W.2d at 859; *Glenn v. Keedy*, 248 Iowa 216, 219, 80 N.W.2d 509, 511 (1957).

II. *Wrongful detention.* The trial court found that Mark IV, without legal process, locked Flickinger out of her apartment and wrongfully detained her personal property that furnished the apartment. The court, however, also found that Mark IV was amenable to allowing Flickinger to recover her property and did not at any time deny her the opportunity to remove the property. Mark IV contends that the court seems to have found a wrongful taking rather than a wrongful detention. It concedes that the "lock-out" constituted a wrongful taking, since it thereby obtained control over Flickinger's property. However, it claims that, unless followed by a wrongful detention, a wrongful taking will not sustain an action in replevin.

■ Mark IV's assertion that the fact that Flickinger was at all times free to recover her property changed the nature of its possession from wrongful to rightful is without merit. Once there has been a wrongful taking or detention, possession does not become rightful until some form of redelivery occurs. Wrongful possession of property does not become rightful merely by agreeing to allow recovery by the party entitled to possession.

■ When the plaintiff in a replevin action satisfies the burden of proving a wrongful taking of property, the burden shifts to the defendant to show that he or she no longer has possession; if the defendant fails to do so, it is presumed that possession continues. *Waterhouse v. Black*, 87 Iowa 317, 322, 54 N.W. 342, 344 (1893); 29 Am.Jur.2d *Evidence* § 239 (1967); 66 Am. Jur.2d *Replevin* § 99; 77 C.J.S. *Replevin* § 173. Although Mark IV maintained that Flickinger had recovered all of her property, the trial court's finding of facts reveal

that it believed Flickinger's contradictory evidence. Since Mark IV failed to satisfy its burden to show that it no longer had possession, the trial court was entitled to presume that its wrongful possession continued. *See Waterhouse*, 87 Iowa at 322, 54 N.W. at 344.

Since Mark IV did not have rightful possession of Flickinger's property, we find no merit in its contention that it was entitled to storage charges.

III. *Damages for loss of use.* In *Universal C.I.T. Credit Corp. v. Jones*, 227 N.W.2d 473, 478 (Iowa 1975), this court summarized the law of damages in a replevin action as follows:

(1) The injured party may demand the return of his property plus damages for its wrongful detention.

(2) He may seek judgment for the money value of the property, treating the conversion as complete either at the time it was taken or at the time of trial.

(3) If the former, he may have interest on the value as determined by the trier of fact from the date of the seizure until the date of judgment and nothing more. The judgment itself, of course, bears interest thereafter.

(4) If he elects under (2) above to rely on a conversion as of the time of trial, he may have the money value of the property as of that date, plus damages for loss of use from the time it was seized until the time of trial.

Flickinger maintains that since she elected to treat the conversion as occurring at the time of trial she is entitled to loss-of-use damages from the time of the lock-out until the time of trial.

The trial court concluded that Flickinger was not entitled to damages for loss of use. The court found that she was in no position to use the property during the two-month period following the lock-out and that Mark IV did not prevent her from recovering the use of her property. Relying on *Universal* and *Barry v. State Surety Co.*, 261 Iowa

222, 154 N.W.2d 97 (1967), however, Flickinger contends that she was not required to show that she would have used the property as a prerequisite to recovering damages for loss of use.

In *Barry* an implement company had obtained immediate possession of a tractor in a replevin action by filing a replevin bond. Judgment was later entered determining the replevin was wrongful and ordering the tractor to be returned to the plaintiffs. The plaintiffs then brought an action against the surety on the bond for wrongful seizure and detention of the tractor. *Id.* at 224, 154 N.W.2d at 98–99. The defendant surety company contended that the plaintiffs were not entitled to damages for loss of use because the evidence did not disclose any actual loss. This court stated:

> We disagree with defendant's claim that plaintiffs may not have damages unless they have rented equipment to replace that which was taken from them. The basis for allowing damages in such cases is that a plaintiff has been deprived of his rightful possession. The fact, if it be a fact, that plaintiffs here did not hire equipment to replace theirs and that they would not have used this equipment anyway, even if it had been in their possession, does not appeal to us. It was their equipment. They were entitled to its possession and to its use, and defendant's interference with that possession entitles plaintiffs to damages.

*Id.* at 227, 154 N.W.2d at 100 (citing 77 C.J.S. *Replevin* § 277, at 203).

The rule authorizing recovery for loss of use when the property could not or would not have been used, is not applicable when use of the property is not prevented by the party that wrongfully seized the property, however. *See M.F.A. Cooperative Association of Mansfield v. Murray*, 365 S.W.2d 279, 289 (Mo.App.1963); *Hammond v. Thompson*, 54 Mont. 609, 611–12, 173 P. 229, 230 (1918); *Taylor v. Graver Tank and Manufacturing Co.*, 344 P.2d 1045, 1048 (Okla.1959); 66 Am.Jur.2d *Replevin* § 121; 77 C.J.S. *Replevin* § 277(b). In *Barry* the plaintiffs' use was prevented by the implement company's replevy of the tractor pursuant to legal process; the plaintiffs could not have recovered the tractor during the pendency of the replevin action. In the present case the trial court found that Mark IV did not prevent Flickinger from recovering the use of her property. There is substantial evidence in the record to support the trial court's finding. We therefore hold that the court correctly denied Flickinger damages for loss of use.

We have thoroughly considered all of the parties' contentions, whether or not expressly addressed in this opinion, and find no reversible error. Accordingly, we affirm the judgment of the trial court.

AFFIRMED.